B. DUBBERT ET AL., Appellants, v. CITY OF CEDAR FALLS
and McCARTHY IMPROVEMENT COMPANY, Appellees.

**Municipal corporations:** PUBLIC IMPROVEMENT: NOTICE FOR BIDS: TERMS
OF PAYMENT. The statute requiring that the notice for bids for
the construction of a street improvement shall state the terms of
payment as nearly as practicable, is satisfied by a contract provid-
ing that the city shall pay the contract price within thirty days
from completion and acceptance of the work by the council, by
the issuance of certificates of special tax against abutting property
owners, to be levied in accordance with law and to the full possible
limit, the balance to be paid at the option of the city, either in
cash or improvement bonds as provided by law.

**Same:** NOTICE FOR BIDS: TIME FOR DOING THE WORK. The statute re-
quiring notice for bids for a public improvement to state the time
within which proposals shall be acted upon is complied with, where
the notice refers to specifications stating that the work shall be
commenced as may be required by the city council and carried
on to completion by a certain date.

**Same:** PERIOD OF GUARANTY: MODIFICATION. That the notice for bids
and the contract for a public improvement provided for a five
year guaranty of the work, while the resolution ordering the work
provided for a seven year guaranty, was not material or prejudi-
cial to taxpayers, where an informal modification of the resolu-
tion in this respect was expressly approved by the council before
the expiration of the period of publication of the notice for bids.

**Same:** STREET IMPROVEMENT: PROPOSALS. Where, as in this case,
proposals for paving a street did not include the cost of grading
but this expense was covered in a distinct proposition, and the
grading expense was to be and was paid out of the grading fund,
the fact that the contract for doing the paving also included extra
compensation for grading was not ground for objection to the col-
lection of the tax to pay the cost of the paving; nor was the inclu-
sion in the contract of the expense a discouragement to bidders
for the paving work, as the proposals therefor were distinct.

**Same:** NUMBER OF BIDDERS: VALIDITY OF CONTRACT. The mere fact that
there was but one bidder for the paving work in this instance
did not render the contract as made invalid.

**Same: LEVY OF TAX: INJUNCTION.** Where a city council has acquired jurisdiction to proceed with the levy of a tax to meet the expenses of a public improvement, and to contract for the improvement, a taxpayer can not insist upon mere irregularities in the proceedings as the basis of an action to enjoin collection of the tax.

*Appeal from Blackhawk District Court.*—HON. C. E. RANSIER, Judge.

TUESDAY, DECEMBER 13, 1910.

ACTION in equity to have canceled a contract between the defendants, the city and the improvement company, for the pavement of a street and to have the city enjoined from levying any part of the contract price against the plaintiffs' abutting property, and also to have the city enjoined from making any levy for the improvement fund out of which the cost of paving street intersections under such contract should be made and from issuing any city improvement bonds for the purpose of paying such costs. There was a trial on the merits, and a decree was entered dismissing plaintiffs' petition for want of equity, and plaintiffs appeal. —*Affirmed.*

*Hemenway & Martin,* for appellants.

*W. H. Merner, J. B. Newman,* and *E. M. Sharon,* for appellees.

McCLAIN, J.—A resolution, declaring the necessity for the improvement of certain streets of defendant city by paving with asphalt and by the construction of the curbing necessary to accompany such paving, was duly introduced into the council, and, after due publication of notice thereof and the consideration of objections made by these plaintiffs and other property owners and taxpayers, was passed by the council, and a resolution ordering the making of such im-

provements was adopted. Thereafter the council approved and adopted plans and specifications presented by the city engineer and authorized the mayor to advertise for bids according to the specifications. Such notice was published, and the contract was let to the defendant the McCarthy Improvement Company; there being no other bidders for the asphalt paving and accompanying curbing, although for certain brick paving provided for in the same resolution and notice there was competitive bidding. After the awarding of the contract for the asphalt paving to the improvement company, plaintiffs, as property owners and taxpayers, asked to have the contract canceled and the defendants enjoined from carrying out its provisions, and further to have the city restrained from attempting to levy any part of the contemplated cost of the improvement against abutting property, from attempting to levy any improvement fund tax on the taxable property of the city for the payment of any part of the said improvement, and from attempting to issue any city improvement bonds for the purpose of paying the contract price for any portion of the improvement. Subsequently, and after the improvement had been completed under the terms of the contract, and after improvement bonds had been issued for the portion of the cost involved in the payment of the street intersections, etc., plaintiffs elected to continue the action as taxpayers and not as property owners, and asked that the city be enjoined from collecting any tax for the city improvement fund to be paid out for the improvement thus made or any portion thereof and from making any payment for such improvement from said fund.

The decree denying plaintiffs any relief is now attacked on the ground that the proceedings of the council were without jurisdiction and invalid for several reasons: First, because the council failed to provide the mode and terms of payment to be made to the contractors or to specify the time when the work should be done; second, because the

published notice.to bidders was not in accordance with the previous resolution of the council authorizing the work, in that such resolution, having reference to plans and specifications on file, required that the asphalt paving be guaranteed for a period of seven years, while the notice to bidders and the contract made in pursuance thereof contemplated that the guaranty be for only five years; third, because the council included in the notice to bidders and in the contract an undertaking for a certain amount of grading; fourth, because, on account of these irregularities, there was no competition in the letting of the work provided for.

I.   The provision of the contract as to time and method of payment in this respect following the notice to bidders was that the city agreed to pay within thirty days after the completion and acceptance of

1. MUNICIPAL
CORPORATIONS:
public im-
provement:
notice for
bids: terms
of payment.

the work by the city council on estimates furnished by the engineer the contract price therefor by issuing certificates of special tax against abutting properties levied in accordance with law "to the limit possible, and the balance of the cost, including that of improving the street and alley intersections, shall be paid at the option of the city in cash or in city improvement bonds as provided by law." We find here no uncertainty as to time and method of payment. The city reserved an option as to the portion of the cost which could not be paid in assessment certificates against abutting property; but, so long as this exercise of option was agreed to by the contractor, the contract was not objectionable for uncertainty. The statute itself reserves to the city an option in this matter to be exercised after the work is completed. See Code, section 830. It is true that in the statutory provisions for bids it is said that the notice shall state as nearly as practicable "the terms of payment fixed;" but, when the notice and contract have fixed terms such as the statute itself authorizes, they must certainly be sufficient in this respect. In *Stutsman v. Burlington,*

127 Iowa, 563, the proposition to bidders was no more explicit than in this case; but it was nevertheless held sufficient. In *Corey v. Ft. Dodge,* 133 Iowa, 666, at page 673, it is said that, "when the contractor agreed to accept payment of deficiencies from the specified fund (the improvement fund), it must be presumed that he had in mind a payment in the manner and upon the terms which the law authorized."

As to the time in which "the proposals shall be acted upon" required by Code, section 813, to be stated in the notice, it appears that the notice to bidders in this case

2. Same: notice for bids: time for doing the work.

referred to specifications in which it was provided that the work should be commenced as might be demanded by the city council and carried on to completion by a specified date. We find no ambiguity in this respect and reach the conclusion that the notice to bidders was not open to objection.

II. With reference to the period of guaranty fixed in the notice and contract at five years, it appears from the evidence that a guaranty of seven years was originally con-

3. Same: period of guaranty: modification.

templated and enumerated in the specifications, but that, on consultation by the mayor with the city engineer and a majority of the members of the city council, it was concluded that a limitation of the guaranty to five years would be desirable for the purpose of attracting bidders on more reasonable terms. The notice in which a five-year guaranty was specified was then published, and, before the period of publication had expired, the modification above referred to was expressly approved by action of the council. As the notice and contract corresponded, we can not understand how this slight departure from the resolution ordering the work to be done in accordance with the plans and specifications could have been very material or in any way prejudicial to the taxpayers, especially in view of the subsequent ratification by the council of this modification.

III.   As to the inclusion in the contract of compensation for extra grading, it is sufficient to say that the bid for asphalt paving did not include the grading, but the proposition with respect thereto was distinct; and, as this grading was to be paid for and was finally paid for out of the grading fund, the plaintiffs as taxpayers have no ground for complaint. The cost of the grading was not included in the taxes levied for the street improvement fund.   Other bidders could not have been discouraged from bidding on the asphalt work on account of the proposed inclusion in the contract of the amount of grading called for, because the proposals as to the two were distinct.

4. Same: street improvement: proposals.

IV.   The general argument for appellants that there was such uncertainty in the proceedings preliminary to the making of the contract as to discourage bidders seems to be wholly without merit.   There is some evidence in the record that another bidder refrained from making any bid on the asphalt work for the reason that the proposals were not sufficiently definite; but we have failed to discover any indefiniteness which would justify a refusal to bid.   A bidder could not reasonably fail to understand that, if he entered into a contract in accordance with the notice for maintaining the improvement during a period of five years, he could not be required to maintain it longer, no matter what the original specifications, having been expressly modified by the council before the contract was let.   As to the grading, a prospective bidder must have known, on reading the specifications and notice, that he was not required to perform any additional grading without compensation to be fixed in accordance with the terms of his bid.   The fact that there was but one bidder for the asphalt work did not render the contract which the council saw fit in its discretion to enter into with that bidder invalid.   *Saunders v. Iowa City,* 134 Iowa, 132.   There is no charge in this

5. Same: number of bidders: validity of contract.

case of fraud, collusion, or undue influence, and we are bound to presume that the council acted fairly within the limits of its discretion in making the contract.

V.    There is another consideration, which, as we think, disposes of this whole case. It is conceded that the resolution of necessity was regularly adopted, that notice thereof was given, that these plaintiffs made objections before the council not only as property owners but as taxpayers, and that the work was ordered by proper action. Thereupon the council acquired jurisdiction to proceed, and a tax subsequently levied for the street improvement fund, out of which the expenses not taxable to abutting property owners were to be met, was not therefore a tax levied without jurisdiction. Mere irregularities on the part of the tribunal having jurisdiction to proceed with the levy of a tax can not be raised by a taxpayer in an action in equity to enjoin the collection of the tax. Certainly the taxpayer has no higher right in this respect than the property owner against whose property special assessments for the payment of the costs of street improvement have been levied, and we have recently held in several cases that, when the city council has acquired jurisdiction to proceed in the making of a contract for street improvements, irregularities in its proceedings will not avoid the assessment. *Clifton Land Co. v. Des Moines,* 144 Iowa, 625; *Collins v. Keokuk,* 147 Iowa, 605; *Nixon v. Burlington,* 141 Iowa, 316; *Andre v. Burlington,* 141 Iowa, 65; *Reed v. Cedar Rapids,* 137 Iowa, 107.

6. SAME: levy of tax: injunction.

Finding no defect in the proceedings for the construction of this improvement which would justify a court of equity in setting aside the tax levied in accordance with law for the payment of a portion of the expense thereof, we reach the conclusion that the lower court properly dismissed the plaintiffs' petition on its merits, and its decree is therefore *affirmed.*