This action was commenced August 23, 1919 by plaintiffs filing their petition in the district court of Tulsa county asking for the cancellation and annulment of tax warrants and for the enjoining of the collection of any part of the taxes assessed against sewer districts No. 107 and No. 120 of the city of Tulsa. On December 29, 1919, plaintiffs filed an application for and secured a temporary restraining order directed against the city of Tulsa and Tulsa county and their officials for levying or collecting any taxes or assessment's on account of said sewer construction. The Central Trust Company of Des Moines, Iowa, holders of the tax warrants, was on January 21, *Page 59 
vention and be made a party to the suit. The temporary restraining order was continued in force from time to time until February 2, 1920, when the court, after having heard the evidence and considered the matter on briefs by the parties to the suit, entered an order overruling the application for temporary injunction and allowed an appeal to the Supreme Court upon the giving of a supersedeas bond in the sum of $30,000.
It is alleged in the petition of plaintiffs that the city officials and the contractor conspired and confederated themselves together for the purpose of cheating and defrauding the plaintiffs. The manner and method of such alleged illegal combination is fully set forth in the petition; the principal allegations of fraud being that the city officials and the contractor made return of a lesser number of cubic yards of earth than there were and that they padded and enlarged the return of rock and shale excavation greatly in excess of the actual number of cubic yards of rock and shale excavated, and that in doing so they cheated and defrauded the plaintiffs on account of the excess amount paid as the result thereof.
It appears that sewer district No. 107 was, created by ordinance No. 1599 of the city of Tulsa on December 15, 1916, and sewer district No. 120 was created by ordinance No. 1600 on December 16, 1916. It also appears that the assessing ordinance to apportion, levy, and assess the special tax for district No. 107 was passed and approved on January 31, 1918, and that the assessing ordinance to apportion, levy, and assess the special tax to take care of sewer district No. 120 was passed and approved and published on August 1, 1918. There is no allegation that these ordinances did not comply with the statute in assessing the benefits against each separate lot. The assessments were divided into three equal payments, the first of which became due December 15, 1918. and was paid by the plaintiffs. It appears that thereafter, and some time in the latter part of 1918 or the first part of 1919, after the passage and approval of the creating ordinances, and after the tax warrants had been sold to an innocent purchaser, and considerable time after the sewer had been completed, plaintiffs, who were residents and property owners of these two sewer districts, after investigation, decided that there was an overcharge for the work done, and that they were being defrauded in the amount assessed for such work.
No complaint is made as to the regularity of the proceedings leading up to the issuance of the sewer warrants, in passing the creating ordinance; in making and filing the plans and specifications; in letting the contract for the construction of the sewers; and the passing and publishing of the assessing ordinance; and in issuing the tax warrants.
It is urged by the defendants that section 471, Rev. Laws 1910, providing that "No suit shall be sustained to set aside any assessment or certificate issued in pursuance of any assessment or to enjoin the city council or town board from making any improvements unless brought within sixty days after the passage of the ordinance making such assessment," is controlling in this case, and that plaintiffs, having failed to bring their action within the 60-day period provided by this statute, were barred from thereafter bringing it. Their position seems to be sustained by the decisions of this court. This action was not filed until more than 18 months had expired after the passing and publication of assessment ordinance in district No. 107, and until more than a year after the assessment ordinance in district No. 120 was passed and approved. The action, therefore, comes squarely within the inhibition of this statute, being one to set aside the assessment and certificates issued for the construction of the sewer.
The estimation of the items making up the different kinds of work done in excavating the sewer, if done incorrectly and fraudulently, was an irregularity and did not go to the jurisdiction of the city in levying the assessment or in issuing the warrants or certificates, and to have been taken advantage of it must have been by action brought prior to the expiration of the 60-days period provided in section 471, Rev. Laws 1910. City of Chickasha et al. v. O'Brien et al.,58 Okla. 46, 159 P. 282; Grier v. Kramer et al., 62 Okla. 151,162 P. 190; Hancock et al. v. City of Muskogee, 66 Oklahoma,168 P. 445; Orr et al. v. City of Cushing et al., 66 Oklahoma,168 P. 223; City of Muskogee et al. v. Rambo et al.,40 Okla. 672, 138 P. 567; Oliver et al. v. Picket, 79 Okla. 315,193 P. 949; City of Ardmore et al. v. Appollos et al.,62 Okla. 232, 162 P. 211; Crosslin et al. v. Warner-Quinlan Asphalt Co. et al., 71 Oklahoma, 177 P. 376; Partee v. Cleveland Trinidad Paving Co., 70 Oklahoma, 172 P. 945.
In City of Chickasha v. O'Brien, supra, in construing section 644, Rev. Laws 1910, which is a similar statute pertaining particularly to street improvements, this court held that:
"An action to enjoin assessments levied to pay certain bonds issued under the paving act, and to cancel said bonds on the ground that the work was not performed according to contract owing to fraud upon the part of *Page 60 
the contractor and city officials, where the city acquired jurisdiction by proper proceedings to make the improvements, cannot be maintained after the expiration of sixty days from the passage of the ordinance making the final assessment."
In Crosslin et al. v. Warner-Quinlan Asphalt Co., supra, the third paragraph of the syllabus reads:
"That a city paid a paving contractor more than the amount provided in his contract, if illegal at all, is an irregularity and not a jurisdictional defect; and a suit cannot be maintained to set aside an assessment on the ground that the amount includes such excessive payment, when commenced more than 60 days after the passage of the ordinance making the final assessment. Section 7, art. 1, ch. 10, Sess. Laws 1907-8, p. 176 (section 644, Rev. Laws 1910)."
And in further discussing this section of the law in City of Chickasha v. O'Brien, supra, this court said:
"By section 644, it is seen that no suit may be maintained on any ground except for the two reasons given, which two reasons were necessary to constitute due process of law; that is, that the city should acquire jurisdiction to make the contemplated improvements by the adoption and publication of the preliminary resolution, where same was required, and should acquire jurisdiction of the property owner by giving notice of the hearing on the return of the appraisers. This language is as broad and comprehensive as it could be made, and indicates an intention upon the part of the Legislature to cause any litigation involving the validity of the assessments, or seeking to enjoin the payment of the bonds, to be brought within the time limit. No exception is made for fraud occurring thereafter in the performance, of the work, and, had the Legislature intended that such exception should be made, it would have been perfectly easy to say so; and the significant fact that the language used is as broad and comprehensive as it is, and that no exception is made, is to our minds conclusive evidence that none was intended."
The reason for the 60-day limitation for the bringing of actions against sewer and street improvement assessments is well understood. Tax certificates and bonds are sold to obtain money to be used in making these improvements. Purchasers of such certificates are not presumed to do more than inquire into the regularity of the proceedings leading up to the issuance of such certificates and bonds, and the 60-day limitation against the bringing of actions, to destroy the validity of such certificates and bonds was created for the purpose of assurance and protection to investors. Otherwise municipalities would be unable to raise money for city improvements. The property owners are protected in that they have the right to observe the work being done and the 60-day period in which to test the regularity of such work. Such time seems sufficient if diligence is used. They cannot, therefore, complain of irregularities after the expiration of this 60-day period.
The Central Trust company had no way of telling how the work was done or whether or not the contractor and the city officials were honest in making their calculations. When the warrants were submitted to them the sewer construction had been completed for the time required by the statute of limitations for the bringing of actions to test the regularity of the work. This company was, therefore, not required to do more than to inquire into jurisdictional matters. When it had done this and the period of 60 days had elapsed, it had the right to invest its money in good faith that its investment would be protected.
Plaintiffs rely upon the case of St. Louis S. F. R. Go. v. City of Ada, 64 Okla. 279, 167 Pae. 621. This case is not in point because that was an action to enjoin the collection of assessments where the city had abandoned the work and had not laid the paving at all, but had permitted the railway company to do it. Other cases cited by the plaintiffs are not in point for the reason that they deal with jurisdictional matters instead of mere irregularities, and still other cases cited by them are not in point for the reason that they are cases from other jurisdictions, holding that a court of equity has the power under proper circumstances to enjoin the collection of excessive assessments, but not pointing out that this can be done in the face of a positive statute prohibiting its being done. A court of equity would have had the power to entertain the action herein and to determine the same on its merits had the action been commenced within 60 days from the passage of the assessing ordinance.
There is also no merit to the distinction which the plaintiffs attempt to draw between enjoining the assessments and enjoining the collection of the tax bills. It is a distinction without a difference, in principle at least, that they attempt to make.
For the reasons stated, the judgment of the trial court is affirmed.
HARRISON, C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur. *Page 61