**ROGERS et al. v. ROGERS, Trustee, et al.**

No. 15262—Opinion Filed Sept. 23, 1924.

(Syllabus.)

**1. Municipal Corporations—Paving Contract by Board of Trustees—Validity—Burden of Proof—Fraud.**

Where the board of trustees of an incorporated town comply with the preliminary provisions of the statute authorizing the construction of public improvements, such as paving the streets of the town, by passing the ordinance of necessity, the publication thereof in accordance with the statute, and let a contract to do the work to the lowest responsible bidder, and no protest is filed by the property owners owning more than 50 per cent. of the property in area abutting on the streets to be improved, such contract cannot be avoided after the completion of the work, except upon the ground of fraud, collusion, accident, or mistake. In which event, the burden is upon the plaintiffs to establish their allegations. Fraud cannot be presumed. Record in the instant case examined, and held, that the evidence offered by the plaintiffs was wholly insufficient to establish any fraud in the letting of the contract in question.

**2. Same—Authority of Town Trustee—Title to Office—How Questioned.**

The board of trustees of the town of Skiatook passed a resolution, declaring it necessary to pave certain streets located in said town, describing the same. One C. F. Rogers was a member of said board of trustees, duly elected and qualified as such, and was the duly elected president of said board. The said C. F. Rogers was also a member of the school board of said town. As president of said board, the said C. F. Rogers signed the ordinance of necessity, which was adopted by unanimous vote of the three trustees, the same being attested by the town clerk. The notice to contractors for bids was also signed by the said president, C. F. Rogers, and attested by the town clerk. Plaintiffs seek to avoid the contract for the payment, on the ground that the said Rogers was not qualified to hold the office of trustee, that the ordinance of necessity and the notice were not properly signed, and that for that reason, the contract executed was of no legal force or validity. Held, that the question of whether C. F. Rogers was properly holding the office to which he was elected as a member of the board of trustees of said town, is not a question, that the plaintiffs can raise in this action, as such question can only be raised by the duly constituted authorities of the state, in a proper proceeding instituted in the nature of quo warranto.

**3. Same—Failure to Show Filing of Protest Against Pavement—Effect.**

The statute provides that the owners of more than 50 per cent. of the property on any street sought to be paved may within 15 days after the last publication of the ordinance of necessity file a protest, which shall operate to defeat the pavement. In the instant case, plaintiffs neither pleaded nor offered to prove that any protest was filed within the 15-day period, nor that any protest was ever filed by the owners of a majority of the property in area, located on either of the streets included in the ordinance of necessity. Under this state of facts, there was nothing either in the petition or in the proof which either pleaded or established a cause of action on this phase of the case.

**4. Same—Judgment Upholding Contract Sustained.**

Record examined, and held, that there was no evidence presented to the trial court on which the prayer of plaintiffs' petition could have been sustained, and that the action of the trial court in sustaining the

demurrer to the evidence offered by the plaintiffs, and entering a judgment dismissing their petition, should be affirmed.

Error from District Court, Tulsa County; Z. I. J. Holt, Judge.

Action by Nan Rogers and others against C. F. Rogers and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

Luther James, for plaintiffs in error.

L. H. Taylor, G. A. Paul, and Breckinridge & Bostick, for defendants in error.

BRANSON, J. The plaintiff Nan Rogers and others, alleged to be property owners in the town of Skiatook, Tulsa county, Okla., instituted this action in the district court of Tulsa county against C. F. Rogers, Charlie Strange, and Charlie Titus, as trustees of the town of Skiatook, Okla., and against the town of Skiatook and H. L. Cannady Construction Company, a corporation. The plaintiffs make numerous allegations of irregularity and matters going to the jurisdiction of the said trustees to enter into a certain paving contract with the said defendant Cannady Construction Company under which said company paved the main streets of said town. The prayer of plaintiffs' petitions, in effect, is as follows:

That the court declare said resolution for said paving of said town and said contract entered into with the said H. L. Cannady Construction Company null and void, as a cloud upon plaintiffs' properties, and as an unlawful interference with the plaintiffs' said properties; that they be restrained and enjoined from assessing the plaintiffs' property or any property in the town of Skiatook for the payment of said paving contract, and be restrained and enjoined from issuing any bonds or paving warrants to that end, and plaintiffs pray for all proper relief to which they in equity may appear entitled, etc.

Plaintiffs plead by way of an exhibit to their petition the resolution of the town trustees, which is the resolution of necessity for paving Fifth street, Third street, Fourth street, Osage avenue, B street, Main street, C street, Second street, Broadway, and other streets, including intersections, etc., located in said town, and reciting that by resolution theretofore passed, W. E. Davis, as engineer, had been directed to prepare plans, specifications, and statements of cost, etc., for making said improvements, and that the plans so prepared by the said W. E. Davis as returned to the board

of trustees, relating to the improvements of the streets designated in said resolution, be paved. Said resolution further set forth that it was necessary to grade, drain, curb, and pave said streets, specifically defining the same, after declaring the necessity to grade, curb, drain, and pave each, which resolution as pleaded was published in the Skiatook News, a weekly newspaper having a legal statue and publication in the said town of Skiatook, as provided by law. Plaintiffs further plead that in said "The Skiatook News," under date of the 2nd and 9th of August, 1923, notice was duly published to paving contractors that bids or sealed proposals would be received by W. J. Ruyle, town clerk of the town of Skiatook, up until 5 p. m. August 16, 1923, the same to be opened and considered in the town hall building at 8 p. m. August 16, 1923.

In designating the improvement districts to be paved by resolution theretofore designated and laid off, plaintiffs further plead that proceedings anterior to the execution of the contract with the defendant construction company, or successful bidder, were insufficient under the law, and that the contract was void, for various reasons specifically hereinafter discussed.

Answer was filed to this petition, and on the trial, evidence was introduced by the plaintiffs, at the conclusion of which the defendant interposed a demurrer to its sufficiency, which demurrer to the sufficiency of the evidence to establish plaintiffs' case was by the trial court sustained, and judgment entered in favor of the defendants, dismissing plaintiffs' petition, and from this judgment and order the plaintiffs prosecute this appeal.

Their assignments of error are set out under four subheads, but in the brief it is specifically stated that the arguments may be presented under one heading, to wit: The trial court erred in sustaining the demurrer to plaintiffs' evidence, and dismissing their petition, and entering judgment in favor of the defendant in error.

The errors discussed in the brief are the only ones to which we will direct attention.

The first alleged error may be summarized from the argument in the brief as follows: The facts and circumstances should be held to create a strong inference that the paving contract was fraudulently let by the trustees, for that it is contended and not disputed that the trustees included all of the districts in one resolution, and provided for the pavement of all the streets, without the enactment of separate resolutions therefor, and

from the further fact that the successful bidder was on the ground at the time the bids were opened, and the contract awarded. That the notice to contractors to bid was not published in a paper of general circulation, where contractors lived, but was published in the Skiatook News, a weekly newspaper published in the town of Skiatook, where the improvements were to be made. From these circumstances, it is contended that the trial court should have inferred a fraudulent intent and purpose on the part of the town trustees.

Plaintiffs in error evidently overlook the fact that fraud is never presumed, but must be inferred from facts and circumstances established.

The necessity for improvements such as involved herein is a matter for determination by the town trustees, and is legislative in its nature. Pryor v. Western Paving Co. 74 Okla. 308, 184 Pac. 88; Crawford v. Cassity 78 Okla. 261, 190 Pac. 412.

On the question of whether or not the town trustees fraudulently abused their discretion in exercising this legislative authority, the only proof in the case offered on the trial was to the effect that it was absolutely necessary to pave the streets designated in the . paving districts laid out by the resolution; that they were the most important thoroughfares in the community, connecting with the schools and other public places. Section 615, Rev. Laws 1910, specifically gives the authority sought by the town trustees here in question to be exercised, and there was nothing adduced in the evidence to show that there was any fraud in connection therewith.

In further support of this contention, plaintiffs in error plead that all of the property owners protested against the improvements. Whereas the petition on that subject sets out:

"The plaintiffs allege and state that protests were actually signed and made by certain of the plaintiffs and other persons whose property is affected by said proposed pavement, and who will be taxed to establish said pavement, but that the board of trustees arbitrarily and without right, failed to give said protest any consideration whatsoever, and arbitrarily and without considering the same declared the said protest insufficient."

Section 616, Rev. Laws 1910, provides, in substance, that if the owners of more than one-half in area of the land liable to assessment shall, within 15 days after the last publication of the resolution of necessity, file with the clerk of said city (in this case Ruyle) their protest is writing against such improvement, the same shall operate to defeat the project.

Neither the allegations of the petition, nor the proof, to which the demurrer was sustained, undertakes to show that any protest was ever filed by such a per cent. of the property owners as required by said section. Neither is it alleged or proven that a protest of any kind or character was filed within the 15-day period prescribed. No protest is attached to the petition of the plaintiffs, and no protest is offered in evidence by the plaintiffs on the trial of this case. Under the facts, the last day on which protests could be filed by the majority of property owners was July 20, 1923, and on that date no protests had been filed, and to contend that protests were arbitrarily disregarded by the trustees when none were presented, is to argue that the court should assume something is done which has never been done nor proven to have been done in the cause. If a protest signed by a sufficient number of property owners had been filed, as provided by said statute, the same would have operated to deprive the trustees of any power to proceed further with the program of making said improvements, and if it had been arbitrarily disregarded, the question of its sufficiency could have been presented to the trial court and there judicially determined whether the same complied with the statute, and if so found, the contract would have been adjudged of no validity. The allegation of plaintiffs' petition and the proof on this question fall far short of sustaining the contention made in their brief.

The second contention made by the plaintiffs in error is in effect that there was no sufficient preliminary resolution legally passed or legally advertised, and this contention is based upon the assertion that, although C. F. Rogers, one of the three town trustees, . had been duly elected, and had duly qualified as such trustee, and was the duly elected and acting president of the board of trustees of said town, that C. F. Rogers was also acting in the capacity as a member of the school board of said town, and that since he signed the resolution of necessity as president of the board of trustees, which was also attested by W. J. Ruyle, town clerk, and since he signed the notice to contractors, also attested by said town clerk, the resolution was improperly passed and the notice improperly given.

This argument overlooks the fact that the said C. F. Rogers was only one of the three trustees, and that the record discloses that the other two voted affirmatively in favor of the resolution of necessity, setting out the

paving districts etc., and that the statute, to wit, section 615, Rev. Laws 1910, does not specifically provide that the same as published shall be signed by any one. C. F. Rogers was acting as one of the trustees of the said town, and this contention is nothing other than a collateral attack upon the action of the board, which we think is precluded by well-reasoned cases from this court. Morford v. Territory, 10 Okla. 741, 63 Pac. 958; Mitchell v. Carter, 31 Okla. 592, 122 Pac. 691; City of Blackwell v. Newkirk, 32 Okla. 195, 120 Pac. 260; 22 Ruling Case Law, page 603; City of Ardmore v. Sayre, 54 Okla. 779, 154 Pac. 356. The question as to whether he was properly or improperly holding the office is a question which the state might challenge, but not the litigants, in the method here employed.

The third proposition urged by the plaintiffs in error is that the protest alleged to have been made in the petition was taken as admitted, because the same was not denied under oath, as provided by section 4759, Rev. Laws 1910, or section 287, Comp. Stat. 1921, which, in substance, is that the allegation of the execution of written instrument shall be taken as true, unless denial thereof is verified. We think this contention grows out of a misconstruction. Ordinarily, the execution of written instruments is taken as true, unless denied under oath, but this refers to instruments executed by the person against whom some right is sought to be enforced, or judgment recovered, and which form either the basis of the cause of action pleaded, or are indispensable as an incident to the relief sought. Such statute has no application to the protests of property owners, as authorized by the statute, supra.

The fourth contention made by the plaintiffs in error is that the 15-day period for protesting against the improvements is so unreasonably short that the statute is inherently unconstitutional. The provision of the paving statute involved here has been many times before this court, and has been continuously and repeatedly sustained. Alley v. City of Muskogee, 53 Okla. 230, 156 Pac. 315; Rawlins v. Warner-Quinlin Asphalt Co., 70 Okla. 309, 174 Pac. 526; Pryor v. Western Paving Co., 74 Okla. 308, 184 Pac. 88, Chickasha v. O'Brien, 58 Okla. 46, 159 Pac. 282; Muskogee v. Burford, 77 Okla. 174, 186 Pac. 949.

The fifth proposition contended for by plaintiffs in error is that the resolution of necessity requiring separate protests on each particular street is arbitrary, and denies the plaintiffs equal protection of the law, and is therefore unconstitutional. No authority is cited in support of this contention. The provisions of section 616, Rev. Laws 1910, are to the effect that any number of streets may be included in one resolution of necessity, but the pretests or objections shall be made separately by property owners whose property is located on the different streets; that is to say, that the protests must be made separately as to each street. We perceive nothing unreasonable in the provisions of this statute. The Legislature doubtless had in mind that property owners on one street intended to be paved might not decide to protest, while the owners of a majority of property in area on another street might desire to prevent making the improvements contemplated by the resolution.

The sixth contention made by the plaintiffs in error is that the power given to the board of trustees to arbitrarily say that a protest is insufficient is an attempt to confer power upon such officers, without any constitutional authority authorizing the same. The answer to this contention is that the statute does not undertake to confer arbitrary power upon the municipal officers. If the protests about which plaintiffs in error speak at length had been actually filed within the time allowed by the statute, and actually presented to the municipal officers, and the board had held the same insufficient, and said protests had been pleaded and presented to the trial court, and said court had found that they complied with the provisions of the statute, the court would not have been in any sense bound by the action of the town trustees in passing upon the sufficiency of the protests; but if the court had found they were sufficient, he would have promptly adjudged that the subsequent proceedings of the board were without authority of law, and absolutely void, for the protests sufficient under the statute would have deprived the town trustees of jurisdiction and authority to take further proceedings. But no such situation presents itself in this case, for it is neither alleged nor proven that a sufficient protest was signed, or that a sufficient protest was filed within the 15 days, or at any other time. Cities and towns are authorized by the superior legislative body of the state, to wit, Legislature, to make public improvements. Courts cannot substitute their judgment as to the necessity for such improvements, the kind or the cost thereof, against the judgment of the authorities authorized by law to act. If the action of such authorities is alleged to have been illegal, or in excess of the authority granted them, the burden is upon those asserting the same to point out in a court of competent jurisdiction wherein the officers failed to comply with the law.

By the evidence offered on behalf of the plaintiffs as disclosed by the record, nothing was established on which the trial court could have predicated a judgment in any wise affecting the contract made by the town trustees. The action of the trial court, therefore, in sustaining the demurrer to the evidence and dismissing plaintiffs' petition must be sustained. The judgment of the trial court is affirmed.

McNEILL, C. J., and NICHOLSON, HARRISON, JOHNSON, WARREN, and GORDON, JJ., concur.