**CITY OF PAULS VALLEY et al. v. CARTER et al.**

No. 13908—Opinion Filed Jan. 7, 1925.

Rehearing Denied March 24, 1925.

(Syllabus.)

**1. Municipal Corporations—Public Improvements—Validity of Contract—Finality of Contract Price.**

The rule is well established in this state that, where a contract for public improvements has been let pursuant to the applicable statutory provisions by the proper city authorities to the "lowest and best bidder" and is within the engineer's estimate, and jurisdiction of the subject-matter has been obtained by the proper municipal authorities, and all of the resolutions and proceedings required by law have been regular, and bids have been received, and the contract let under the notice required, such action of such municipal authorities is final as to the contract price of the work in the absence of fraud, collusion, or mistake.

**2. Same—Avoidance of Property Assessments—Fraud Unknown to Contractor.**

Where it affirmatively appears from the record of proceedings for the letting of a contract for public improvements that all the jurisdictional steps have been taken upon which the power of city authorities to contract depends, a contractor, in the absence of collusion or fraud in entering into a contract to construct such improvement, may rely upon the record of such proceedings, and where such contractor has expended money and labor for the benefit of the property improved under such contract, such property owner cannot defeat the statutory assessment being made by such city authorities for such improvement by proof of extraneous facts tending to establish fraud of which such contractor had no knowledge.

**3. Same—Compliance with Statutes—Validity of Contract.**

Under section 4590, Comp. Okla. Stat. 1921, the mayor and city council shall require an estimate by the city engineer of the cost of street improvements, and after report of such engineer as to the estimated cost and the approval of the same by the council, the passage and publication of the resolution of necessity and the expiration of time for protest by interested property owners, the awarding of bids to the successful bidder, and the letting of the contract pursuant thereto, such a contract is binding upon the parties and cannot be assailed in a court of equity other than on the grounds of fraud, accident, or mistake.

**4. Same—Mistake of City Engineer.**

Where the engineer in preparing his estimate, as provided for by the statutes applicable to the paving of streets, takes into consideration an element or item not a proper cost to be considered, which is not disclosed on the face of the estimate itself, and such estimate is approved by the city council, such estimate sufficiently complies with the statute, and a contract based thereon is a valid obligation unless there are other reasons invalidating it. Such error or mistake, on the part of the engineer as to what should or should not have been considered in making up his estimate and which is not disclosed on the face of the estimate itself, cannot in any wise invalidate the contract or prevent the assessment to pay same in the absence of fraud, collusion, accident, or mistake on the part of the successful bidder in bringing the same about.

**5. Same—Judgment Enjoining Assessment Reversed.**

Record examined, and held, that the judgment of the trial court enjoining the assessment be reversed, and the cause remanded, with directions to enter judgment for the defendants.

Error from District Court, Garvin County; W. L. Eagleton, Judge.

Action by R. A. Carter and others against the City of Pauls Valley and others. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

[Former opinion, 101 Okla. 205, 224 Pac. 528, withdrawn.]

H. G. Butts, City Atty., of Pauls Valley, A. F. Pyeatt, G. A. Paul. Rittenhouse & Rittenhouse, McPherren & Hannah, and Henshaw & Hough, for plaintiffs in error.

Blanton & Osborn, C. W. Thomason, Patchell & Hurt, and Ledbetter, Stuart, Bell & Ledbetter, for defendants in error.

MASON, J. This action was instituted in the district court of Garvin county, Okla., to enjoin the levying of special assessments against the property of plaintiffs to pay for paving certain streets in the city of Pauls Valley, Okla., and to enjoin the collection of any such assessment.

Upon the trial of the case, the court entered a decree adjudging that the proceedings for the construction of the paving and the contract therefor were null and void, and enjoined the levying of the special assessments against the property of the plaintiffs. From such judgment, the defendants, the city of Pauls Valley. its mayor and commissioners; and the paving contractor, have prosecuted this appeal.

The trial court found that the resolution of intention to pave was passed as provided by law, that there were no written protests or objections filed within the time provided

by statute, and that the statute was strictly followed in all matters up to the report of the city engineer required by section 4590, Comp. Okla. Stat. 1921; that the city engineer prepared specifications and estimates and filed same with the clerk, but that he included in said estimates 15 per cent. to cover possible discount on bonds that might be issued in each of the several improved districts; that thereafter notice was given that protests might be filed under the provisions of section 4591, Comp. Stat. 1921, and no protests were filed; that advertisement was made as required by statute, asking for bids on the improvements under the plans and specifications as filed, and that the Standard Paving Company was the lowest and best bidder, and the bid of said company was accepted and a contract thereafter entered into by the mayor and city council of Pauls Valley with such company; that the resolution provided for in section 4597, Comp. Stat. 1921, was properly passed and published, and at said time and place certain citizens of Pauls Valley met with the mayor and commissioners and I. V. Gray, president of the Standard Paving Company, and quite a discussion took place with reference to what was contained in the estimate, and on which the contract was afterwards entered into; that the said I. V. Gray stated that if any property owner in said district would pay the assessment against the property within 30 days, his assessment would be discounted 15 per cent., and the question came up in said meeting, and was openly discussed, with reference to the including in said estimate of 15 per cent. to cover the possible loss the contractor would suffer by reason of the bonds not being able to be sold at par.

The court thereupon rendered the following as his conclusions of law:

"First, that the city council, while there is no fraud or no sufficient fraud, has the right to determine, first, as to the necessity of making improvements, and, secondly, as to the apportionment of improvements, made, and the court has no right to consider those matters unless it be, as suggested above, on the question of fraud, in which event the court may go into it. The court concludes that the including in the assessment the 15 per cent. to provide for a possible loss in the sale of the bonds was illegal, and that everything done with reference to the improvements in all of these paving districts was void and of no effect and within the contemplation of the statute."

The judgment of the trial court was based upon the finding of the court that there was included in the estimate of the engineer 15 per cent. to cover the probable discount on the paving bonds, and that the contractor had knowledge of this fact and entered into the contract upon the basis of a 15 per cent. allowance for the discount on the bonds.

The plaintiffs in error first urge that the property owner cannot avoid an assessment because the city engineer in estimating the cost of improvements includes therein as an element of cost the matter of the value of the bonds to be issued to the contractor in payment of the work; second, the estimate to be filed by the engineer is not to be based solely upon the actual cash cost of the work, and that the contractor, whose bid and contract were within the estimate of the engineer, cannot be deprived of the contract price for his work because the estimate includes an improper item.

The record discloses that the contract was let to the Standard Paving Company, as the result of being the lowest and best bidder, having bid in competition with five other construction companies, one of which was a local company in Pauls Valley. It appears that the bids of said company were below the engineer's estimate in each of the districts involved. Practically all of the work had been completed when this action was instituted. No evidence was introduced by the plaintiffs tending to show that the Standard Paving Company had anything whatever to do with preparing the engineer's estimate, or that any collusion existed between the engineer and the construction company. No complaint was made that the company did not perform its duties under the contracts awarded it by the city for the improvements as therein provided, nor is any complaint made that the paving laid by said company was not according to plans and specifications.

The rule is well established in this state that, where the contract for public improvements has been made pursuant to the applicable statutory provisions by the proper city authorities to the "lowest and best bidder," and is within the engineer's estimate, and jurisdiction of the subject-matter has been obtained by the proper municipal authorities, and all of the resolutions and proceedings required by law have been regular and bids have been received and the contract let under the notice required, such action of such municipal authorities is final as to the contract price of the work in the absence of fraud, collusion, or mistake. Weaver et al. v. City of Chickasha et al., 36 Okla. 226, 128 Pac. 305: Orr et al. v. City of Cushing et al., 66 Okla. 153, 168 Pac. 223.

Where it affirmatively appears from the

record of the proceedings for the letting of a contract for public improvements that all of the jurisdictional steps have been taken upon which the power of the city authorities to contract depends, a contractor, in the absence of collusion or fraud, in entering into a contract to construct such improvement, may rely upon the record of such proceedings, and where such contractor has expended money and labor for the benefit of the property improved under such contract, such property owner cannot defeat the statutory assessment being made by such city authorities for such improvement by proof of extraneous facts tending to establish fraud of which such contractor had no knowledge. Weaver et al. v. City of Chickasha et al., supra; City of Muskogee v. Rambo et al., 40 Okla. 672, 138 Pac. 567; Morrow v. Barber Asphalt Paving Co. et al., 27 Okla. 247, 111 Pac. 198; Brownell Improvement Co. v. Nixon (Ind.) 92 N. E. 693; City of Chicago v. Davis et al. (Ill.) 97 N. E. 700; Tappan v. Long Branch, etc. (N. J.) 35 Atl. 1070.

Section 4590, Comp. Stat. 1921, providing that the mayor and city council must cause a preliminary estimate as to the cost of street improvements to be made prior to passing the resolution of necessity, is for the purpose of having a competent engineer (which it is presumed the city has in its service) furnish such city authorities with information so that they may be able to determine how much money must necessarily be raised in order to pay for such improvements, and that such authorities may intelligently enter into a contract for the construction of such improvements. Goodwillie et al. v. City of Detroit (Mich.) 61 N. W. 526.

An examination of the evidence found in the record in this case shows that the engineer's report to the board of city commissioners of the estimated cost of said improvements contained no item in any way indicating that he had included an item of 15 per cent. to cover the probable discount on the paving bonds that might thereafter be issued to pay for said improvements.

The evidence in support of the conclusion of the trial court, that the engineer took the value of the depreciated bonds into consideration, is very contradictory, ambiguous, and indefinite. In fact, it appears that such conclusion was based largely upon a statement of I. V. Gray, president of the Standard Paving Company, made in an open meeting after the bids of the construction company had been accepted, that anyone desiring to pay cash within 30 days after his

assessment would receive a discount of 15 per cent. on the cost of his improvement. The trial court, therefore, held the entire contract and the whole proceedings void. Without passing upon the question, it may be admitted that the evidence was sufficient to support the conclusion of the trial court, that the engineer in preparing his estimate took into consideration the value of the depreciated bonds, yet were such facts sufficient to warrant the trial court in holding the entire contract and proceedings void, in the absence of fraud or mistake? We think not. This court recently had the same question before it in the case of City of Bartlesville et al. v. Keeler, 107 Okla. 14, 229 Pac. 450, wherein the court had under consideration the proceedings and contract in the construction of a sewer. The principle involved, however, is the same in both cases. The 3d and 4th paragraphs of the syllabus in the case of Bartlesville v. Keeler, supra, are as follows:

"3. The only method provided by law to make public improvements such as the construction of a district sewer, involved in this action, is by contract. The statutes applicable prescribe the preliminary safeguards, among which is the making of the plans and specifications, and the estimate of cost by the engineer. The estimate of the engineer, when approved by the council, is sufficient to answer the requirements of the statute relative thereto, though the amount of the estimate may have been reached by the engineer by taking into consideration an element not a proper cost to be considered; but the proceedings thereafter taken on faith of such estimate do not stand upon the same basis as in case where no estimate of the engineer is made at all; but such estimate sufficiently complies with the statute to make the contract based thereon a valid obligation, unless there be other reasons invalidating it."

"4. The contractor has nothing to do with the estimate required by the statute, and when the same is submitted by the engineer to the city council, and by it approved and advertisement for bids to be made, contractors have a right to offer to perform the work at stipulated prices. If the price offered at such competitive bidding by one of the bidders is accepted, and contract made, and the work done as provided by such contract, no error or mistake on the part of the engineer as to what should or should not have been considered in making up his estimate, and which element is not disclosed on the face of the estimate itself, can in any wise invalidate the contract, or prevent the assessment to pay same, in the absence of fraud, collusion, accident, or mistake on the part of the successful bidder in bringing same about."

No contention is made that the instant case comes within the exception to the rule announced in the foregoing case based upon fraud, collusion, accident, or mistake. We therefore conclude that although the engineer, in the instant case, in making his estimate of the cost of the improvements may have erroneously made an allowance for an anticipated discount for the sale of such bonds, but where such estimate was approved by the city council, and the uncontradicted testimony shows that the contractor was not in collusion with, nor in any way participated in the making of the estimate of the engineer, such irregularity on the part of the engineer does not render the whole proceedings void, for the reason that an irregularity after jurisdiction of the subject-matter has been acquired will not render the proceedings void.

The judgment of the trial court is reversed, with directions to enter judgment in favor of the defendants, dismissing the plaintiffs' petition, and the opinion of this court reported in 101 Okla. 205, 224 Pac. 528, is withdrawn.

BRANSON, LYDICK, GORDON, HARRISON, JOHNSON, and WARREN, JJ., concur.