### McGRATH v. OKLAHOMA CITY et al.

No. 15756—Opinion Filed Oct. 6, 1925.

Rehearing Denied March 30, 1926.

**1. Municipal Corporations — Injunction Against Paving Assessment—Invalidity of Contract—Burden of Proof.**

Where the plaintiff seeks to avoid the payment, and enjoin the collection of a special assessment against his property for paving, and alleges that the contract under which the paving was constructed is void, because the bid upon which the contract was based was not accompanied by an anti-combination affidavit as required by ordinance, plaintiff assumes the burden of establishing such allegation by legal and competent evidence, and by a preponderance thereof.

**2. Same—Limitation of Actions.**

A suit to avoid payment and enjoin the collection of a special assessment in payment of paving, on account of irregularities in making the contract or levying the assessment, must be instituted within 60 days from the passage of the ordinance levying and apportioning the tax by the authorities of the municipality against the property.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Oklahoma County; A. S. Wells, Assigned Judge.

Action by M. McGrath against the City of Oklahoma City et al. Judgment for defendants, and plaintiff brings error. Affirmed.

Wilkinson & Bell, for plaintiff in error.

John Frank Martin and D. B. Welty, for de.endants in error.

Opinion by JONES, C. This action was instituted in the district court of Oklahoma county by plaintiff in error, as plaintiff, against the defendants in error, as defendants, asking that certain assessments against the property of the plaintiff be canceled and set aside, and that the defendants and each of them be restrained from collecting or attempting to collect said special assessment. Upon the trial of the case to the court, the defendants interposed a demurrer to the evidence offered by the plaintiff, which was by the court sustained, and judgment rendered in favor of the defendants, and against the plaintiff for the cost of the action, from which judgment this appeal is prosecuted.

The special assessment involved was for the purpose of paying the cost of paving certain streets in Oklahoma City, in accordance with the contract for the pavement of same, and the plaintiff, McGrath, who was the owner of certain abutting property, against which the special assessment involved was made, alleges that the contract for the paving of the said street or boulevard in question was wholly void—

"In that said bid was not accompanied by an anti-combination affidavit as required by art. 9, sec. 109, of said chapter, the organic law of said city."

And further alleges:

"That said commissioners assessed the said real estate of this plaintiff with cost and charges of said improvement, and wholly failed and neglected to assess and apportion the cost and expenses for said improvements against all of the fronting and abutting property upon said street chargeable with the costs of said improvements, with its proportionate part or any part of the cost of said improvements as required by law, in that said commissioners failed and omitted from the assessment the real estate, being the strip of ground 40 feet wide between the two roadways of Linwood boulevard," etc.

In answer to plaintiff's petition, the defendants specifically deny the material allegations of plaintiff's petition, and aver that the assessment was made as provided by law, and that each piece and parcel or tract of land was assessed its proper and proportionate share of the cost of such street improvements, etc. And further answering, aver that the only irregularity in the assessment complained of was that the board of city commissioners, whose duty it was to make the assessment and who did

make the assessment, in dealing with a certain piece of property which seems to have been owned by the Oklahoma Street Railway Company—

"Assessed the benefit to said strip or tract of land against the owners thereof, instead of against the property, and plaintiff has not been damaged in any way, manner or form; that the property described in plaintiff's petition has not been charged with any greater amount of cost or improvements than it would have been had the assessment been levied against the tract of land (describing same) instead of the assessments running against the owners thereof," etc.

The question of the validity of the assessment against the property of the Oklahoma Railway Company seems to have been determined in the case of Oklahoma Railway Company v. Severns Paving Co., 67 Okla. 206, 170 Pac. 216, and as we understand the decision, the court held that the assessments should be made against the property and not against the owners thereof, and further held that the city had the right to reassess said property in the proper manner, and also found that the proceedings were otherwise regular.

The only question of importance involved in this appeal is raised by the assignment of error urging that the court committed error in sustaining the demurrer of the defendants against the evidence of the plaintiff offered in support of his petition, upon the theory that the evidence failed to establish the material allegations of the plaintiff's petition, and in the judgment of the trial court we concur. One of the material allegations of plaintiff's petition is that the original bid of the paving contract was not accompanied by an anti-combination affidavit as required by the city ordinance The proof offered wholly fails to establish this allegation. The original bid made, to which the affidavit should have been attached, was not offered in evidence, and no evidence was offered accounting for its loss or destruction, and the officer who is assumed to be the custodian of such records, seems to have no knowledge of the bid or of the affidavit, and the burden being upon the plaintiff to establish this fact, and there being no affirmative evidence of any character in support of same, we find no error in the ruling of the court sustaining the demurrer in this particular.

The next and only remaining material allegation of plaintiff's petition is the complaint made as to the manner of assessing the property of abutting property owners.

No charge is made by the plaintiff that any damage resulted by reason of the manner in which the assessment was made to plaintiff as an abutting property owner, or to any other property owner similarly situated, nor does the plaintiff specifically charge that the assessment was not properly apportioned or too high; and there is no evidence, in fact, no proof was offered, in an effort to establish that plaintiff had been damaged in any manner by reason of the assessment complained of. Aside from the averments of the defendants' answer heretofore recited, the defendants by special amendment duly authorized by the court allege:

"That said action is barred by the statute of limitation in this case as made and provided, to wit, section 4619, C. S. 1921, as follows: 'No suit shall be sustained to set aside any such assessment or to enjoin the mayor and council from making any improvements, * * * unless such suit shall be commenced in less than 60 days after the passage of such ordinance making such final assessment."

Wherefore defendants pray that said action be dismissed, and in view of the fact that the record discloses that the resolution authorizing the paving contract and the assessment here in controversy, and the entire transaction complained of, took place in 1910 and 1911, and this suit was not filed until 1923, unquestionably the judgment of the court was correct in sustaining the demurrer to the evidence, in view of the fact that this court has repeatedly passed upon and upheld the section of the statute creating the 60-day limitation.

See Sharum v. City of Muskogee, 43 Okla. 22, 141 Pac. 22; Chickasha v. O'Brien, 58 Okla. 46, 159 Pac. 282; Crosslin v. Warner-Quinlan Asphalt Co., 71 Okla. 286, 177 Pac. 376; Woodward v. City of Tulsa, 81 Okla. 58, 196 Pac. 683. In keeping with these authorities, we are inclined to the opinion that the judgment of the trial court was correct in sustaining the demurrer, and we therefore find that the same should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 28 Cyc. p. 1189. (2) 28 Cyc. p. 1188.