## McKNIGHT et al. v. OKLAHOMA CITY et al.

No. 23318.    Sept. 12, 1933.

Rehearing Denied Oct. 10, 1933.

Billups & Billups, D. I. Johnston, and C. W. King, for plaintiffs in error.

W, H. Brown, Municipal Counselor, Harlan T. Deupree, Asst. Municipal Counselor, and G. A. Paul, for defendants in error.

McNEILL, J. This is an action for injunction. The city of Oklahoma City, through its constituted officers, awarded a contract to the Western Paving Company to resurface a portion of Seventeenth street in said city. This work was completed. Plaintiffs, as property owners, affected by such improvement, seek an injunction against said city, its governing body, and the Western Paving Company to cancel said contract for improvement and to enjoin said city from taking any action toward the levy and collection of the assessment made against the property of plaintiffs.

Plaintiffs alleged, in substance, that on November 5, 1930, said city passed a resolution purporting to authorize the letting of a contract to repair a portion of said street in question; that the city advertised for bids; that no notice was ever served on plaintiffs; that the proposed ordinance, advertising, notice, and contracts let to the paving company pursuant thereto are null and void; that the improvements constructed were inferior in character; that they were not in compliance with the plans and specifications of said contract; that the notices published relative to passing of the ordinance making assessments against the property in the Daily Record were not within the meaning and intent of the statute re

lating to a legal publication; that the assessments are unjust, exorbitant, and unreasonable; that plaintiffs if denied injunctive relief will be deprived of their property without due process of law; that the street in question, prior to the improvement, was in a good state of repair and serviceable; that this was known to the city engineer and the governing body of said city; that no public necessity existed for the resurfacing of said street; that the acts of the defendants were fraudulent and oppressive; that they exercised an abuse of power and in so doing have established a large indebtedness against the respective property of plaintiffs for a needless public improvement in violation of the Constitution of the state of Oklahoma and the Constitution of the United States; that it was generally understood by the property owners affected by said improvement that the improvement was being done at the cost and expense of said city out of its repair and maintenance fund, and that this expense was not to be charged against the property of plaintiffs; that false and fraudulent data were prepared by the agents and employees of said city; that the city engineer confederated and conspired with the Western Paving Company in deceiving and inducing said city to cause said improvement to be made.

There are many other detailed allegations, but this in brief presents the contentions of plaintiffs.

The defendants answered by general denial, and pleaded the statute of limitations.

The case was tried to the court. The court made special findings of fact and conclusions of law covering the issues in question. Judgment was rendered in favor of the defendants, and the matter has been regularly lodged in this court on appeal. The parties will be referred to as they appeared in the trial court. Plaintiffs have filed ten specifications of error in their brief, and present the same under the following propositions:

"1. The contemplation of the Paving Act (chapter 173, Session Laws of 1923) as to the publication notices was that the same should be published in a newspaper of general circulation within the city.

"2. The determination by the city council that a public necessity existed for resurfacing the street in question can be inquired into by a court of equity if fraud, oppression or abuse of power existed in such determination.

"3. That section 31, ch. 173, Session Laws of 1923, of the Paving Act, is uncon-

stitutional and void in so far as the same seeks to conclusively bind the courts of interested parties where fraud, oppression and abuse of power are alleged in the proceedings leading up to the acceptance of public works, being violative of the Fifth and Fourteenth Amendments of the Constitution and an unwarranted invasion of the judicial branch of government.

"4. The finding of the court that there was an entire absence of fraud on the part of the defendants, and each of them, in the entirety of this project and rendering judgment accordingly was against the clear weight of the evidence.

"5. That the letter and spirit of section 4, art. 9 of the city charter of Oklahoma City, as to 'competitive bidding' on public works was ignored in this project and the contract awarded to the Western Paving Company upon its sole bid, was contrary to law and public policy and void.

"6. The contract in this case, under an estimate made by the city engineer, who had failed, neglected, and refused to take and subscribe the oath of office required by the city charter, is void, and the levying of assessments against plaintiffs' property under such a contract can be enjoined by a court of equity."

On the other hand, the defendants present the following propositions:

"(1) Paving improvements are controlled by property owners.

"(2) The publications in The Daily Record constituted full compliance with the provisions of the paving law.

"(3) No sufficient protests appeared from the evidence.

"(4) The determination of the necessity of the improvement is legislative, and binding in the absence of fraud and oppression.

"(5) The property owners are estopped by virtue of laches to enjoin the assessments.

"(6) Fraud is never presumed.

"(7) The preliminary estimate is a public record.

"(8) Failure of an officer to take an oath of office is an irregularity, and cannot be collaterally attacked after the completion of the work.

"(9) The special statute of limitation, found in section 30 of the Paving Act, bars the right of recovery by the plaintiffs in this action.

"(10) Courts of equity will sustain the judgment if not against the clear weight of the testimony."

It does not appear to be challenged that the improvement project in question was con-structed, completed, and accepted in compliance with the provisions of the Paving Act, chapter 173, Session Laws 1923 [O. S. 1931, secs. 6212-6248]. No irregularity in the proceedings or failure to comply with any statutory provisions relating to street improvement has been urged by the plaintiffs.

The initial steps toward the improvement were made by the governing body. These proceedings were in compliance with the statute and the jurisdiction of the governing body of the city over the subject-matter of the improvement was acquired. No protest or objection was ever filed by any property owner affected by the improvement to prevent the contractor or the city from proceeding with the improvement. It was not until about three months after the project had been completed and accepted that the instant action was instituted to cancel the contract for the project and void the assessments to pay the costs. No question has been presented by the evidence that the costs have been excessive and unreasonable.

The property owners complain that they had no personal knowledge of the improvement proceedings. There seems to be no sound reason why personal notice ought not be given to property owners in reference to public street improvement where it is practicable and reasonably possible to do so, but this is a matter clearly within the province of the Legislature. Personal notice is not required. Alley v. City of Muskogee, 53 Okla. 230, 156 P. 315; Riley v. Carico, 27 Okla. 33, 110 P. 738: It does not affect the taking of property without due process of law. Notice by publication, where required by statute, is sufficient. Alley v. City of Muskogee, supra, and cases cited therein on this question.

The question of the necessity of the improvement is legislative, and a publication as required by law relating to the resolution and the necessity concerning the public street improvement, in the absence of a sufficient protest, and benefits received therefrom, confers jurisdiction upon the governing body of the city to proceed with such an improvement. Bocox v. Town of Bixby, 114 Okla. 269, 247 P. 20; Bickel v. Warner-Quinlan Asphalt Co., 70 Okla. 138, 174 P. 537; Southern Surety Co. v. Jay, 74 Okla. 213, 178 P. 95; Kerker v. Bocher, 20 Okla. 729, 95 P. 981; Sharum v. City of Muskogee, 43 Okla. 22, 141 P. 22; Wheeler v. City of Muskogee, 51 Okla. 48, 151 P. 635; Crosslin v. Warner-Quinlan Asphalt Co., 71 Okla. 286, 177 P. 376; City of Enid v. Gensman, 76 Okla. 90, 181 P. 308; City of Pauls Valley

v. Carter, 108 Okla. 111, 234 P. 617; White v. City of Pawhuska, 130 Okla. 156, 265 P. 1059; Perkins ·v. City of Pawhuska, 106 Okla. 5, 232 P. 937; and City of Muskogee v. Rambo, 40 Okla. 672, 138 P. 567.

In the instant case, notice relating to the proceedings of the improvement was published in the Daily Record, a daily newspaper published in Oklahoma City. This may not be the best medium of advising property owners that their property is sought to be charged with the public street improvement. However, such notice constitutes a legal publication notice within the purview of the statute relating to legal publications, sufficient to constitute constructive notice to such property owners relative to such improvement. See Hesler v. Coldron, 29 Okla. 216, 116 P. 787; Harrell v. Farm & Home Saving Loan Ass'n, 130 Okla. 279, 267 P. 265.

The major proposition contended for by plaintiffs is that the proceedings were prompted by fraud, oppression, or abuse of power. Fraud is a question of fact which must be proved. Suspicion is not sufficient. Facts and circumstances must be relied upon. The trial court found that the plaintiffs had failed to establish fraud on the part of the defendants in relation to the improvement project, and that there was an entire absence of fraud, collusion, and conspiracy on the part of said defendants in the construction of said improvements. We have examined this evidence and no useful purpose would be served in reviewing this question in detail. This is an action in equity. The evidence as to the condition of the street and the necessity for the improvement is conflicting. The judgment of the trial court was not against the clear weight of the evidence. In fact, the evidence amply and clearly supports the judgment that there was no fraud, oppression, or corruption which entered into the initial or subsequent proceedings of the project.

The necessity of the improvement was, in the absence of fraud and a sufficient protest, within the discretion of the governing body of the city. See Pryor v. Western Paving Co., 74 Okla. 308, 184 P. 88; City of Pauls Valley v. Carter, 108 ˙Okla. 111, 234 P. 617; Bocox v. Town of Bixby, 114 Okla. 269, 247 P. 20; White v. City of Pawhuska, 130 Okla. 156, 265 P. 1059. The record shows that the proceedings were marked with regularity; that the property owners offered no protest until after the improvement had been initiated, completed,

and the assessment ordinance passed. Fraud, even though proved, could not be asserted subsequent to the approval of the public improvement. Under such circumstances, fraud constituted an irregularity and is not a jurisdictional defect. City of Chickasha v. O'Brien, 58 Okla. 46, 159 P. 282; Woodward v. City of Tulsa, 81 Okla. 58, 196 P. 683; Berryhill v. City of Sapulpa, 97 Okla. 65, 222 P. 555.

In this connection it is also urged that there was no competitive bidding as contemplated by the Paving Act. The bid of the Western Paving Company was pursuant to legal initial proceedings. It sufficed to give opportunity for competitive bidding. It was a proper bid for the consideration of the governing body of the city. Even a single bid for a contract to construct public street improvements does not prevent the bidding from being competitive where there has been a compliance with the provisions of the law in relation to the establishment of the district and the publishing of notices, in the absence of fraud or collusion. See Meyers v. Wood (Mo.) 158 S. W. 909; Hager v. Melton, Sheriff, (W. Va.) 66 S. E. 13; Dubbert v. City of Cedar Falls (Iowa) 128 N. W. 947. There was no timely presentation of this question by the property owners affected by the improvement. On the contrary, the plaintiffs as property owners stood by and witnessed the completion and acceptance of the work.

It is also contended that the contract in this case was made under an estimate of the city engineer who had failed, neglected, and refused to take and subscribe the oath of office by the city charter, and for that reason the contract is void, and that the levying of assessments against the property of plaintiffs should be enjoined by a court of equity.

This contention is not sustainable. Under the circumstances, on acceptance of a public improvement project, a property owner cannot collaterally attack the office of such an engineer for the purpose of voiding the assessment against his property. Edmonds v. Town of Haskell, 121 Okla. 18, 247 P. 15; Bocox v. Town of Bixby, 114 Okla. 269, 247 P. 23; Rogers v. Rogers, 102 Okla. 296, 229 P. 292; Oakland Paving Co. v. Donovan (Cal.) 126 P. 388; Bell v. Town of Mabton (Wash.) 5 P. (2d) 514. Such a provision required by the charter is only directory, and a failure to comply therewith would not work a forfeiture of such office, and void the proceedings.

City of Oakland Paving Co. v. Donovan, supra.

Many authorities have been cited by the defendants on the question of laches as barring a property owner from resorting to a court of equity, when such property owner stands by and sees a public improvement proceed which affects his property with full knowledge that he is to be assesesd therefor without interposing any objection thereto until after the work is entirely completed. Also, on the question of the statute of limitations, and the special statute of limitations found in section 30 of the Paving Act as barring the right of recovery of such property owner after the approval and acceptance of the work, but in view of the foregoing we consider it unnecessary to discuss these questions.

The decision of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, OSBORN, BAY-LESS, and BUSBY, JJ., concur. WELCH, J., absent.