## GRIER v. KRAMER et al.

No. 7988—Opinion Filed Jan. 9, 1917.

(162 Pac. 190.)

1. **Municipal Corporations—Public Improvements—Sewers.**

Article 16 of chapter 15, Comp. Laws 1909, was not unconstitutional, and proceedings properly taken under it for the construction of and payment for district sewers within the boundaries of municipal corporations of this state are valid.

2. **Same—Assessments—Limitations.**

The 60-day statute of limitations provided in said act applies to suits involving irregularities in procedure, but does not apply to jurisdictional defects rendering the proceedings void.

3. **Same—Jurisdictional Defects.**

That a city paid a sewer contractor more than the amount provided in his contract, if illegal at all, is an irregularity, and not a jurisdictional defect.

(Syllabus by Burford, C.)

Error from Superior Court, Tulsa County; M. A. Breckenridge, Judge.

Action by Lorenzo Grier against John T. Kramer and others to enjoin sale of land for nonpayment of sewer assessment. A demurrer was sustained to the petition, and plaintiff brings error. Affirmed.

J. J. Henderson, for plaintiff in error.

John B. Meserve and Carroll & Mason, for defendants in error.

Opinion by BURFORD, C. Plaintiff, owner of certain lots in the city of Tulsa, sought to enjoin their sale for nonpayment of certain sewer assessments. He attacks the law (chapter 15, art. 16, Comp. Laws 1909) under which the proceedings relating to the construction of the sewer were had and under which the contract therefor was let as unconstitutional upon the ground that it provides for assessment by area rather than directly according to the peculiar benefits derived by the abutting property. The question was fully determined against the plaintiff's contention in City of Perry v. Davis & Younger, 18 Okla. 427, 90 Pac. 865, and again in Lonsinger v. Ponca City, 27 Okla. 397, 112 Pac. 1006. It is so held by the Supreme Court of the United States in a long line of cases of which French v. Barber Asphalt Pav. Co., 181 U. S. 324, 21 Sup. Ct. 625, 45 L. Ed. 879, is a notable example.

The second ground is that no notice was given to property owners as provided in section 468, Rev. Laws 1910. Counsel overlooks.

the fact that, though these statutes are called "Laws of 1910" they were never in force in this state until May, 1913 (Laws 1913, c. 75, p. 116), after the contract here involved had been let, and consequently the notice provided in section 468, supra, could not have been here given, as the proceedings had already reached a stage later than that prescribed for giving such notice. The original act did not contain this provision for notice, and was valid without it. Perry v. Davis & Younger, supra; Lonsinger v. Ponca City, supra.

It is finally contended that the amount paid the contractor exceeded the engineer's estimate. This element of the petition · is barred by the 60-day statute of limitation prescribed in section 992, Comp. Laws 1909 (section 471, Rev. Laws 1910). It is true we held in regard to paving that if the contract entered into exceeded the estimate, such contract was void. Morrow v. Barber Asphalt Paving Co., 27 Okla. 247, 111 Pac. 198, and in the same case followed by Shultz v. Ritterbusch, 38 Okla. 478, 134 Pac. 961, and others, held that this statute of limitations applied to irregularities, but not to jurisdictional defects, which rendered the proceedings void. But here the allegation is not that the contract entered into exceeded the estimate, but that the payments made to the contractor exceeded the estimate. Section 990, Comp. Laws 1909, provides in part:

"As soon as any district sewer shall have been completed, the city engineer or other officer having charge of the work shall compute the whole cost thereof, which shall also include all other expenses incurred by the city in addition to ·the contract price of the work, and shall apportion the same against all the lots or pieces of ground in such district exclusive of improvements. * * *"

This section seems to contemplate that other items exceeding the estimate may properly be charged against the property as a part of the assessment. However that may be, since there is no allegation that the contract exceeds the estimate, any overpayment thereon could not affect the jurisdiction to make the improvement, or to levy an assessment to pay the same, but would constitute merely an irregularity. Shultz v. Ritterbusch, supra. Such irregularity must be attacked within the 60-day period prescribed in the statute. We find no merit in the plaintiff's petition, nor in the action of the trial court in sustaining a demurrer to it.

The judgment should be affirmed.

By the Court: It is so ordered. ·