**BARTON v. STUCKEY, County Treas.**

No. 16115—Opinion Filed Feb. 16, 1926.

Rehearing Denied July 20, 1926.

(Syllabus.)

1. **Municipal Corporations—Powers Under Charter — Annexation of Territory Without Consent Controlled by General Statute.**

Although a city charter, when adopted by the people and approved by the governor, pursuant to section 3 art. 18, of the Constitution of this state, becomes the organic law of the city and the provisions of the charter supersede all laws of the state in conflict therewith in so far as such laws relate to purely municipal matters, yet provisions of said charter cannot supersede the state statutes relative to annexing additional territory to the city, where no application is made or consent given by the owners of such territory.

2. **Same — Invalidity of Annexation Ordinance and City Tax Levy.**

Where a city attempts by ordinance to annex additional territory, three sides of which are not adjacent to nor abutting on property already within the city limits, without the application or consent of the owners thereof, as required by section 4463, Comp. Okla. Stat. 1921, held, such ordinance is void and confers no jurisdiction or authority over such territory by the city, and a tax levy for city purposes against the land thus embraced is void, and if paid under protest as provided by section 9971, Comp. Okla. Stat. 1921, may be recovered in a suit for that purpose.

Error from District Court, Tulsa County; Albert C. Hunt, Judge.

Action by Mary J. Barton against W. W. Stuckey, County Treasurer of Tulsa County. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

J. P. Evers, for plaintiff in error.

John M. Goldesberry, County Atty., and James Harrington, Asst. County Atty., for defendant in error.

MASON, J. This action was commenced by the plaintiff in error, hereafter referred to as plaintiff, against the defendant in error, hereafter referred to as defendant, for the purpose of recovering certain taxes which were paid under protest.

The record discloses that the plaintiff owned a tract of land consisting of approximately 20 acres adjoining the corporate limits of the city of Tulsa; that by ordinance No. 1917, approved January 14, 1919, the city limits were extended to embrace this tract of land; that the city of Tulsa operates under a charter form of government and this ordinance was passed under the provisions of said charter.

It also appears that later, by ordinance No. 2558, passed under the provisions of the general statutes of the state and approved December 24, 1923, the boundaries and limits of the city were extended and fixed so as to include said property. This land had never been platted for town-site purposes, and up until about three years prior to the commencement of this action was used for farming purposes, and since that time has been used for grazing purposes and for "show grounds."

When the 1923 tax rolls were made up, this land, for the purpose of ad valorem taxes, was assessed as a part of the city of Tulsa and city taxes levied against the same. When the plaintiff paid the first half of her 1923 taxes, on the 29th day of December, 1923 she found that there was levied again said property as city taxes, in addition to other ad valorem taxes, the sum of $852. She paid the first half, which amounted to $426, under protest as provided by section 9971, Comp. Okla. Stat. 1921, and gave notice to the county treasurer that she would bring suit to recover the same, and on January 22, 1924, she filed this action to recover the taxes thus paid.

The issues were joined and upon trial the court sustained a demurrer to the evidence offered by the plaintiff and rendered judgment for defendant, to reverse which she has prosecuted this appeal.

For reversal it is urged that ordinance No. 1917, by which it was first attempted to extend the city limits to embrace this tract of land, is void, for the reason that no application was made, nor written consent given to the city commissioners by the owners

thereof as required by the city charter. which provides:

"Any territory adjoining the present or future boundaries of said city may from time to time, in any size or shape desired, be admitted and become a part thereof on application made or written consent given to the city commissioners by the owner or owners of the land, or, as the case may be, by a majority of the legal voters residing on the land sought to be added. In all such cases the territory so added shall be described by metes and bounds, in an ordinance accepting, assenting and adding the same to the municipal corporation; and thereafter the inhabitants of the said added territory shall in all respects be on an equal footing with the inhabitants of the original municipal territory."

We deem it unnecessary to discuss the failure of the city to comply with the terms of the charter, for, as we view the law, a strict compliance therewith would not confer sufficient jurisdiction on the city to annex adjoining territory against the wishes or without the consent of the owners thereof. This can only be done when the facts are sufficient to give the city authority and jurisdiction as provided by the general statutes of the state, and where there has been a substantial compliance with the statutory provisions in passing said ordinance.

We are not unmindful of the general rule which has been repeatedly announced by this court to the same effect as in State ex rel. Short v. Callihan, 96 Okla. 276, 221 Pac. 718, where it was said:

"A city charter, when adopted by the people and approved by the governor, pursuant to section 329 art. 18, Williams' Constitution, becomes the organic law of the city, and the provisions of the charter supersede all laws of the state in conflict with such charter provisions, in so far as such laws relate to purely municipal matters."

This, however, does not authorize a city to extend its power or jurisdiction beyond the limits of the city by charter provisions. This can only be done when specifically authorized by general statute. We do not mean to hold that a city cannot provide by charter for accepting adjoining territory when application is made or consent given by the owners thereof.

It might be contended that said ordinance was valid under the provisions of the general statutes relative to cities annexing territory or extending their boundaries. If so, such contention is without merit.

Section 4463, Comp. Okla. Stat. 1921, provides:

"The city council, in its discretion, may add to the city such other territory adjacent to the city limits as it may deem proper, and shall have power to increase or diminish the city limits in such manner as, in its judgment and discretion, may redound to the benefit of the city: Provided, that in no case shall any additional territory, except when subdivided into tracts or parcels of less than five acres, with more than one residence thereon, be added to the city limits without the consent in writing of the owners of a majority of the whole number of acres owned by residents of the territory to be added, except that when three sides of such additional territory is adjacent to, or abutting on, property already within the city limits, such territory may be added to the city limits without the consent hereinbefore mentioned. * * *"

Since the record discloses that the attempted extension of the city limits to embrace the plaintiff's land was made without her application or written consent, and since it does not disclose that three sides thereof, at that time, were adjacent to or abutting on property already within the city limits, the city was without authority or jurisdiction to enact said ordinance, and the same is void, and therefore conferred no authority upon the taxing authorities to levy and collect city taxes thereon for the year 1923.

Defendant's brief is devoted almost exclusively to a discussion tending to show that the validity of said ordinance cannot be attacked in this manner; it being contended that this is a collateral attack on said ordinance. Numerous authorities are cited which in our judgment are not applicable, for the reason that the ordinance in question shows on its face an absence of the jurisdictional facts delineated in both the city charter and the general statutes as a prerequisite to the passage thereof.

We are familiar with the general rule that, where the council substantially complies with the statutes and the facts are sufficient to confer authority and jurisdiction on it to enact an annexing ordinance, its validity cannot be questioned in a collateral proceeding by reason of defects, informalities, and irregularities in its passage. But where the council is without authority, as in the instant case, the ordinance is a nullity—a blank—and serves no purpose and confers no jurisdiction whatever upon the city to treat the territory thus embraced as a part of the city's domain.

Such ordinance being void, any taxes attempted to be levied thereon for city purposes, by reason of said ordinance, would be illegal and unenforceable.

Nor would ordinance No. 2558 authorize the taxing authorities to levy and collect etiy taxes on said property for the year 1923, for the reason that it was not passed and approved until December 24, 1923.

Plaintiff also contends that this ordinance is void because passed under the provisions of section 4463, Comp. Okla. Stat. 1921, and that said section was superseded by the charter provisions. We have already disposed of this contention to the contrary.

The record discloses facts sufficient to confer authority and jurisdiction upon the city to pass ordinance No. 2558, as well as facts sufficient to show a substantial compliance with section 4463, supra, in its passage and approval. The ordinance is therefore valid, but, as stated above, it was not passed in time to authorize the tax for 1923.

We must conclude that the learned trial court committed error in sustaining the demurrer, and the judgment is therefore reversed, and the case remanded to the district court of Tulsa county, with instructions to render judgment for the plaintiff.

NICHOLSON, C. J., and HARRISON, LESTER, and CLARK, JJ., concur. HUNT, J., disqualified.