Note.—See under (1) 13 C. J. p. 527, §486; p. 543, §514; 6 R. C. L. p. 836-838; 2 R. C. L. Supp. p. 219; 4 R. C. L. Supp. p. 444; 5 R. C. L. Supp. p. 372; 6 R. C. L. Supp. p. 412. (2) 38 Cyc. pp. 1548, 1578; 26 R. C. L. p. 1061; 6 R. C. L. Supp. p. 1581. (3) 4 C. J. p. 853, §2834; 2 R. C. L. p. 193; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73 . (4) 4 C. J. p. 1129, §3122.

---

**MOORE et al. v. CITY OF PERRY et al.**

No. 16621. Opinion Filed July 5, 1927.

Rehearing Denied Sept. 13, 1927.

(Syllabus.)

1. **Municipal Corporations—Paving Projects—Legality of Acts of Officers After Dissolution of Temporary Injunction Where no Appeal in 30 Days.**

In an action wherein the plaintiffs sought by injunction to restrain certain city officers from performing acts in furtherance of a paving project, a temporary injunction was granted by the county court, but was dissolved on hearing by the district court, and no permanent injunction ordered, and no appeal was lodged in the Supreme Court within 30 days from the time such temporary in-

junction was dissolved. The temporary injunction having spent its force immediately upon its dissolution, acts done by said officers after such time are legal. Citing Moore et al. v. City of Perry et al., 110 Okla. 8, 234 Pac. 625.

## 2. Same—Employment of Consulting Engineer—Statute.

Session Laws of 1923, chapter 173, sec. 4, authorizes the governing body of any incorporated city or town to contract for the services of a consulting engineer to prepare the necessary surveys, plans, plots, profiles and estimates for street improvements, which consulting engineer may be a nonresident of such city, and such city is required to pay for such services from the assessments to be levied against the abutting property.

## 3. Same—Paving Assessments not Subject to Injunction at Suit of Landowners in Annexed Territory on Ground of Illegality of Annexation.

Where an ordinance extending the limits of a city shows upon its face to have been regularly passed by the city council, approved by the mayor, published and filed in the county clerk's office as required by law, the owners of land situated in the annexed territory cannot enjoin the collection of paving assessments levied against their property on the ground that the property assessed was illegally annexed to the city. The validity of such ordinance is not open to such collateral attack and cannot be questioned by any party other than the state by its county attorney or Attorney General. Garton v. Stuckey, 121 Okla. 226, 248 Pac. 592, distinguished.

Commissioners' Opinion, Division No. 1.

Error from District Court, Noble County; Charles Swindall, Assigned Judge.

Action by Clara Moore et al. against the City of Perry et al. From the judgment for the defendants, plaintiffs bring error. Affirmed.

H. A. Johnson, for plaintiffs in error.

H. E. St. Clair, City Attorney, G. A. Paul, and A. Gray Gilmer, for defendants in error.

REID, C. The plaintiffs filed their petition in the district court of Noble county on the 14th day of June, 1924, alleging, in substance, that they are residents of what is known as "Porter addition" to the city of Perry, a municipal corporation, organized under the laws of Oklahoma. That on the 5th day of September, 1923, the city, by its council, passed a resolution of necessity and caused the same to be published, in which it proposed to pave and otherwise improve a certain street in the original town site of the city of Perry, and extending into said Porter addition, and known as street improvement district No. 6. That the city before proceeding with said paving project had failed to employ a city engineer to make the estimates of the cost of such improvement and that no estimate of such cost was filed by a city engineer prior to beginning of said proceeding, as required by law. That the city of Perry, through its councilmen, was not authorized to proceed with any paving project upon any street in said Porter addition, for the reason that the ordinance of the council of said city extending the boundary of said municipality so as to include said Porter addition is void; therefore any attempt to charge the property of the plaintiffs with the cost of paving a street of said addition was without authority of law.

Plaintiffs further alleged that the entire paving proceedings were had and done by the officers of said city in violation of a temporary injunction which had theretofore been granted by the county court of Noble county in another action, and which had been continued in effect by an order of the district court in that case which dissolved the temporary injunction, but permitted the plaintiffs to have the same continued in effect by the execution and approval of a supersedeas bond on appeal to this court.

The action in the present case was filed for injunctive relief asking that the city of Perry, its mayor, councilmen, and city clerk be enjoined from entering on the records of said city the paving tax assessment, and from certifying said assessment against the property of each of the plaintiffs to the county treasurer of said county, and that he be enjoined from spreading the same upon the records of his office and attempting to collect the same, and that a permanent injunction be granted by said court restraining said officers from continuing to perform any such acts and that the attempted assessment and listing of said taxes be canceled and declared to be void.

The defendants answered by general denial, and upon hearing before the district court the injunction as prayed for was refused.

The parties will be referred to as they stood in the trial court.

On October 10, 1923, in another action, in effect between the same parties, the county court of Noble county granted a temporary injunction restraining the officers

of the city of Perry from proceeding with the paving project here in question.

That case came on for hearing before the district court on November 6, 1923, and the court on that date dissolved the temporary injunction and by further judgment refused to order a permanent injunction. On January 19, 1924, a motion for new trial was overruled, and on February 4, 1924, the trial court entered an order therein allowing supersedeas and a bond was given and approved. The court gave time in which to prepare and serve case-made. Plaintiffs appealed that case to this court. It was held in the case Moore et al. v. City of Perry et al., 110 Okla. 8, 234 Pac. 625, that in order to have reviewed in this court the action of the trial court in dissolving the temporary injunction it was necessary that such order be superseded and the appeal lodged in this court within 30 days from the date of such order, and the trial court was without authority to extend the time beyond that period, and the time was not extended by filing a motion for new trial and having the same passed on after such 30 day period and attempting then to supersede the order of dissolution. It will therefore be seen that after the expiration of 30 days from November 6, 1923, no injunction was in force restraining the officers of said city from proceeding with such paving project. The examination of the record in this case discloses that no further acts were done by the city of Perry through its authorized officers in furtherance of this paving project until after the temporary injunction had spent its force, and no permanent injunction having been granted, it follows that this assignment is without merit.

It is urged that no preliminary estimates were made by a city engineer as required by law; therefore, the proceedings thereafter were void. The records show that C. A. Wood, under date of April 18, 1923, offered to do the necessary engineering work on this project. A resolution was prepared by the council accepting his offer of employment and employing him as city engineer or consulting engineer as of date of May 2, 1923, and contract was entered into with him as of that date. The evidence shows he performed the duties of this place as required by the law of this state relating to paving procedure.

In the case of Edmonds et al. v. Town of Haskell et al., 121 Okla. 18, 247 Pac. 15, this court said:

"The fact that a town may have no official resident engineer and may employ a nonresident engineer to make the estimate required to be made by section 615, R. L. 1910 (now sec. 4590 C. O. S. 1921), does not of itself, in the absence of fraud, invalidate the assessments."

It will be observed that the above opinion was written with section 4590, C. O. S. 1921, in mind, which was the only law governing that question at the time the paving proceedings were had in that case, but the Session Laws of 1923 of this state, chapter 173, sec. 4, provides as follows:

"Contract for Engineering. The governing body of any city or incorporated town shall have authority to contract for the services of consulting engineers to prepare the necessary surveys, plans, plats, profiles, estimates and all other details for said work of improvements, which said consulting engineers may be a person, firm, or corporation, resident in or outside of the state of Oklahoma; and such city or town shall provide for the payment of such services from the assessments to be levied against the abutting property as part of the cost of such improvements."

This act became effective before the employment of the engineer in this case, and the power of the city of Perry to employ the engineer in the manner shown to have been done was then beyond question.

The evidence in this case discloses that certain land adjoining the then incorporated city of Perry was platted into blocks and lots showing streets and alleys, and that such plat was filed in the office of the county clerk of Noble county, Okla., on the 21st day of August, 1903, and was designated "Porter Addition, Perry." That on the 15th day of November, 1922, the city council of the city of Perry passed an ordinance changing and extending the limits of said city to include Porter addition. This ordinance was then published in a local newspaper and a certified copy was thereafter filed in the county clerk's office of said county on December 9, 1922.

The evidence further discloses that after the passage of the ordinance of annexation, the city of Perry extended its sewerage and water service to a large part of said addition and extended its municipal light service therein by a bond issue of $12,000, which was voted by the entire citizenship of the city of Perry, and mostly used in extending light service to Porter addition.

It will be borne in mind that this action is for injunctive relief and not an action in quo warranto to determine the validity of the ordinance.

We believe the question here presented has been decided by this court in an un-

broken line of decisions, beginning with the well-considered case of State ex rel. Standeven v. Armstrong et al., 27 Okla. 810, 117 Pac. 332, and followed with no deviation in the cases of Blackwell v. City of Newkirk et al., 31 Okla. 304, 121 Pac. 260; Earlboro Township v. Howard et al., 47 Okla. 455, 149 Pac. 139; Chambers et al. v. Walker, 85 Okla. 289, 206 Pac. 202; Fowler v. Park, 79 Okla. 1, 190 Pac. 668; Griffin v. Thomas, 86 Okla. 70, 206 Pac. 604; Cheek v. Eye et al., 96 Okla. 44, 219 Pac. 883; Shore v. Board of Education of Town of Crescent, 97 Okla. 273, 223 Pac. 867; Biggerstaff v. City of Altus, 114 Okla. 98, 243 Pac. 751; Gorby v. Gayman, Co. Treas., 59 Okla. 73, 157 Pac. 939—all holding that the validity of a municipal corporation cannot be attacked in a collateral proceeding, which is held to include injunctions against the officers of such municipality seeking to restrain them from performing duties required of them by law. In the case of City of Blackwell v. City of Newkirk, supra, it was held a similar rule applies when attacking the extension of the boundaries of such corporations.

The case of Chaves v. City of Atchison et al. (Kan.) 93 Pac. 624, is so decisive of the question here presented we think it proper to refer to it somewhat in detail. Chaves, for himself and others similarly situated, brought an action in the district court alleging that the plaintiffs were residents of Spring Garden addition to the city of Atchison, and asked that the city and its officers be enjoined from imposing city taxes upon the land in said addition and from improving or controlling the streets, walks, or highways of the addition and from exercising authority and control as if it were a part of the city. It appears from the opinion that the city council passed an ordinance in due form, which purported to annex said addition to the city. The ordinance was approved and published, and thereafter the officers of the city assumed that the addition was within the corporate limits. The court called attention to the fact that specific legislative authority had been given for extending the corporate boundaries of cities of the first class so as to include adjoining territory and make it a part of the city. After quoting from the acts of the Legislature of that state showing the different circumstances under which a city might annex adjoining territory, the court said:

"It is alleged, it is true, that the tract was not legally annexed, but there is undoubted jurisdiction in the mayor and council to make a legal annexation by the passage of an ordinance. An ordinance has been passed in fair form purporting to enlarge the boundaries of the city and making the addition in question a part of the city, and since that time the city has been exercising municipal authority over the addition and the people residing there. The validity of the corporate existence of the city as originally organized, or as reorganized by the extension of its boundaries, cannot be questioned by private parties. It has been held that the extension of corporate limits to include new territory, under statutory authority, is, in effect, a reorganization of the city; that the act of annexation involves the corporate integrity of the city, and is not open to collateral attack; and that its validity cannot be questioned by any party other than the state any more than can the validity of the original organization of the city. Topeka v. Dwyer, 70 Kan. 244, 78 Pac. 471. In that case the question presented here was examined with great care, the prior decisions of our own and other courts were cited and considered, and what was there said must be regarded as decisive of the case at bar. In the still later case of Railway Co. v. Lyon County, 72 Kan. 16, 82 Pac. 519, 84 Pac. 1031, the same principle was affirmed and applied. We are therefore not warranted in considering whether the steps taking the tract of land into the city were legal or not. The objections which the plaintiff makes can only be considered in a direct proceeding prosecuted at the instance of the state by the Attorney General or county attorney."

Section 4463, C. O. S. 1921, provides:

"The city council, in its discretion, may add to the city such other territory adjacent to the city limits as it may deem proper, and shall have power to increase or diminish the city limits in such manner as, in its judgment and discretion, may redound to the benefit of the city: Provided, that in no case shall any additional territory, except when subdivided into tracts or parcels of less than five acres, with more than one residence thereon, be added to the city limits without the consent in writing of the owners of a majority of the whole number of acres owned by residents of the territory to be added, except that when three sides of such additional territory is adjacent to, or abutting on, property already within the city limits, such territory may be added to the city limits without the consent hereinbefore mentioned."

It thus appears that there was statutory authority for adding territory to the city of Perry at the time the ordinance of annexation in question was passed. It had the right to annex Porter addition, if the city adjoined said addition on three sides, or if said addition was divided into tracts or parcels of less than five acres with more than one residence thereon.

This action must be distinguished from the decision of this court in Barton v. Stuckey, 121 Okla. 226, 248 Pac. 592, in which the court said:

"Defendant's brief is devoted almost exclusively to a discussion tending to show that the validity of said ordinance cannot be attacked in this manner; it being contended that this is a collateral attack on said ordinance. Numerous authorities are cited which in our judgment are not applicable for the reason that the ordinance in question shows on its face an absence of the jurisdictional facts delineated in both the city charter and the general statutes as a prerequisite to the passage thereof."

The ordinance of annexation in this case is regular on its face, and the existence of the jurisdictional facts authorizing the city council to pass the ordinance will be presumed in this proceeding.

Having disposed of all questions decisive of this case adversely to the plaintiffs, it follows that the case should be affirmed, and it is so ordered.

JEFFREY, TEEHEE, L E A C H, and MONK, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 32 C. J. p. 429, §735. (2) 28 Cyc. pp. 1012, 1013 (Anno), 1153. (3) 28 Cyc. p. 214.