## DE LANO v. CITY OF TULSA et al.

Circuit Court of Appeals, Eighth Circuit.
April 30, 1928.

No. 8027.

1. Municipal corporations ⟨⟩34—Consent of property owners of annexed territory may be dispensed with on annexation, where territory is divided into tracts of less than five acres, though there is only one residence (Comp. St. Okl. 1921, § 4463).

Comp. St. Okl. 1921, § 4463, authorizing city council to add territory adjacent to city limits, "provided, that in no case shall any additional territory, except when subdivided into tracts or parcels of less than five acres, with more than one residence thereon, be added to the city limits," without the consent of residents, does not require that any parcel must have more than one resident, but requirement of additional residents applies only where parcel has more than five acres.

2. Municipal corporations ⟨⟩33(2)—Ordinance annexing eight-acre tract subdivided into parcels of less than five acres, though particular parcel contained single house, held not invalid. (Comp. St. Okl. 1921, § 4463).

Ordinance annexing to city triangular tract of land containing over eight acres, but subdivided into parcels of less than five acres, held valid under Comp. St. Okl. 1921, § 4463, though the particular parcel had only one house, and the territory was separated from city limits by drive which was more than four rods in width; it being provided by statute that no additional territory could be added without consent of residents of annexed area, except when subdivided into tracts of less than five acres, with more than one residence, unless three sides of additional territory were adjacent to property within city limits; that is, detached by intervening strip of less than four rods in width.

3. Municipal corporations ⟨⟩29(2)—City's annexation of territory by ordinance without formal amendment of charter held valid (Comp. St. Okl. 1921, § 4463).

City held to have authority to annex territory under Comp. St. Okl. 1921, § 4463, by ordinance, without necessity of formal amendment of charter.

4. Municipal corporations ⟨⟩109—Failure to file city zoning ordinance with register of deeds did not affect its validity after adoption.

Omission to file zoning ordinance in office of register of deeds did not affect validity of ordinance after its adoption; requirement of recordation of ordinances being merely directory.

5. Estoppel ⟨⟩62(4)—City held not estopped to prevent construction work in violation of zoning ordinance, under property owner's mistaken belief that annexation ordinance was invalid.

City held not estopped to prevent construction of apartment house on newly annexed territory in violation of city zoning ordinance of which property owner had notice, where property owner had just commenced construction work, and where mistake was due to property owner's erroneous assumption that annexation ordinance was invalid and that his property was not within the city.

6. Constitutional law ⟨⟩278(1)—Municipal corporations ⟨⟩601—Zoning ordinance restricting use of particular property to dwellings held within city's police power, and not to deny due process to property owner who constructed apartment building relying on invalidity of ordinance annexing property to city (Const. Amend. 14, § 1).

Zoning ordinance, which restricted class of buildings upon plaintiff's property to dwellings, held within scope of police power, and not in violation of Const. Amend. 14, § 1, as denying due process of law to property owner who proceeded with construction of apartment houses in face of known pendency of zoning ordinance, under mistaken belief that annexation ordinance was invalid.

7. Municipal corporations ⟨⟩626—Equality in enactment of zoning ordinance is peculiarly within discretion of municipal Legislature.

The question of equality of treatment as to various property in enactment of zoning ordinance is one peculiarly within discretion of city's legislative body.

8. Constitutional law ⟨⟩225(1)—"Equal protection" as to zoning ordinance requires consideration of relative conditions of properties and locations within ordinance (Const. Amend. 14, § 1).

Equal protection of law in enactment of zoning ordinance under Const. Amend. 14, § 1, requires consideration of relative conditions as applied to the particular property and other properties and locations within the zoning ordinance.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Equal Protection of the Law.]

9. Constitutional law ⟨⟩225(1)—Evidence which merely showed application of zoning ordinance to particular section of city did not warrant adjudication that ordinance denied equal protection (Const. Amend. 14, § 1).

Evidence which merely showed application of municipal zoning ordinance to particular property or section in which plaintiff's property was located, without showing treatment of other sections of city, held not to warrant adjudication that ordinance was void as depriving plaintiff of equal protection of the law under Const. Amend. 14, § 1.

10. Appeal and error ⟨⟩187(3), 235—Question of defect of parties in counterclaim was not considered on appeal, where not raised by motion or in reply, and no action was taken on counterclaim on merits.

Question of defect of parties as to defendant's counterclaim, where not raised by motion or reply, and, where the counterclaim was reserved and continued by the trial court, without determination on merits, need not be considered on appeal.

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

Suit by Raymond J. De Lano against the City of Tulsa and others. From an adverse decree, plaintiff appeals. Affirmed.

H. M. Langworthy, of Kansas City, Mo., and Valjean, Biddison, of Tulsa, Okl., (Biddison, Campbell, Biddison & Cantrell, of Tulsa, Okl., and Langworthy, Spencer & Terrell, of Kansas City, Mo., on the brief), for appellant.

John A. Haver and H. M. Gray, both of Tulsa, Okl. (H. O. Bland, I. J. Underwood, Harry L. S. Halley, and Randolph, Haver & Shirk, all of Tulsa, Okl., on the brief), for appellees.

Before LEWIS, Circuit Judge, and SCOTT and DAVIS, District Judges.

SCOTT, District Judge. This is a suit in equity, brought by Raymond J. De Lano to enjoin the city of Tulsa, Okl., its mayor, commissioners, and building inspector, from exercising jurisdiction over a certain tract of land alleged to be not within the limits of the city of Tulsa, and particularly from exercising jurisdiction under a certain Zoning Ordinance No. 2576. It appears from the allegations of plaintiff's bill and the evidence introduced in its support, that De Lano, a resident of Kansas City, Mo., and one Park, a resident of Tulsa county, Okl., in the latter part of November, 1923, purchased the property in question with a view to improving it for apartment house purposes. The plot was a triangular tract of land, something less than two acres in extent, being the apex of a somewhat larger tract, lying on the westerly border of the city of Tulsa, fronting on Riverside drive, a boulevard running parallel and along the easterly bank of the Arkansas river. The plot was not within the original limits of the city of Tulsa, but plaintiff alleges that defendants claim the city's jurisdiction over said land by virtue of certain purported ordinances which the city of Tulsa attempted to enact, and by which it attempted to annex said lands to the city; said ordinances being numbered 1813 and 1917, copies of which are exhibited on the bill. These ordinances are alleged to be void for want of compliance with the statutory requirements of Oklahoma in connection with their enactment. It is further alleged that on December 29, 1923, the city of Tulsa and its board of commissioners passed and adopted Ordinance No. 2576, commonly known as the "Zoning Ordinance," which is also exhibited on the bill, and which purported to take effect on January 13, 1924. By provision of this ordinance, plaintiff's property is placed in "group 1-

residence classes," under "class U–1–H–I," and its use thereby restricted to "dwellings"; the term "dwelling" being defined in the ordinance as a building to be occupied by not more than two families. It is contended that this ordinance is void as applied to the plaintiff's property, for the reason that to restrict the use of the property in the manner alleged, or in any manner, is arbitrary and unreasonable, and constitutes an abuse of the legislative and police power of the city. In this connection it is alleged that the ordinance is repugnant to section 1 of the Fourteenth Amendment to the Constitution of the United States, in that the same would, if valid, deprive the plaintiff of his property without due process of law, and would deprive him of the equal protection of the law.

Defendants duly answered the bill, admitting many of its averments, and denying others. We find it unnecessary to further elaborate the issues at this point, as the questions to be determined are almost entirely legal. It may be pertinent to say, however, at this point, that defendants in their answer charge said zoning ordinance establishes a building line which is being violated by plaintiff by constructing a residence upon the property without conforming to said building line, and pray for injunctive relief in that respect. In this connection, plaintiff in his brief makes the point that there is a defect of parties indispensable to a decree requiring the removal of said house.

A hearing was had, the evidence taken, and the cause submitted. After the submission of the cause, plaintiff, by leave of court, filed a supplemental bill, in which he alleges that, subsequent to the final submission of the cause, the city of Tulsa and the other defendants have issued a building permit to one Sophian, giving right to erect and construct a basement and foundation of a family hotel on block 2 of Riverford heights of the city of Tulsa in the immediate vicinity of plaintiff's property, and that the issuance of said permit is the first step in the plan and determination of said defendants to permit said hotel to be erected, which is to be a large building and cost in excess of $1,000,000, and much more likely to be a menace to the health, peace, and safety of the residents of said city than the buildings which plaintiff seeks to erect. Plaintiff further alleges that defendants, in the administration and enforcement of the alleged zoning ordinance, are discriminating between individuals, and unfairly and with partiality administering and enforcing the same, to the prejudice of plaintiff, and in an unequal and arbitrary

manner. The defendants, answering the supplemental bill, admit the issuing of said permit, and that said hotel was to be built, but denying plaintiff's other allegations.

The cause was finally submitted upon the original and supplemental bill as answered, and the testimony taken, and the District Court found the equities with the defendants, denied plaintiff the relief prayed, and dissolved a temporary injunction theretofore issued, and dismissed the plaintiff's bill, except that it was further provided that the cause pending an appeal as to the right of the defendants to a decree requiring the removal of the house now on the premises to conform to the setback line as provided in the ordinance, is continued until after said appeal is finally determined, that question being especially reserved; to which decree the plaintiff duly excepted and has taken this appeal.

It will be seen that the record on this appeal presents two major questions. These questions are, as stated by plaintiff's counsel in the brief:

"I. Whether plaintiff's property is a part of the city of Tulsa?

"II. Whether the zoning ordinance of the city of Tulsa is constitutional and valid as applied to plaintiff's property?"

Plaintiff's counsel also states the third question arising on the defendants' answer thus:

"III. Whether the necessary parties for an adjudication of defendants' right to affirmative relief are present?"

We shall consider these questions in the order appearing upon the appellant's brief. Upon the first question there is no contention in argument that the plot of ground in question would not be within the limits of the city of Tulsa, assuming that Ordinance No. 1813 was legally passed and all requirements of the statutes of Oklahoma complied with. The proposition laid down by appellant in that respect is stated in the following language: "Annexation Ordinances Nos. 1813 and 1917 are void, for the reason that they do not comply with the statutes of Oklahoma relating to annexation." Ordinance No. 1917 is given little attention in argument, probably for the reason that that ordinance was held void by the Supreme Court of Oklahoma in Barton v. Stuckey, 121 Okl. 226, 248 P. 593. We do not, therefore, deem it necessary in this case to consider whether that holding would be binding in the present case. The principal contention of the appellant in argument is that Ordinance No. 1813 is void because the requirements of section 4463 of the Compiled Statutes of Oklahoma, 1921, were not complied with. That section is in the following language:

"4463. *Council May Change City Limits.* The city council, in its discretion, may add to the city such other territory adjacent to the city limits as it may deem proper, and shall have power to increase or diminish the city limits in such manner as, in its judgment and discretion, may redound to the benefit of the city: Provided, that in no case shall any additional territory, except when subdivided into tracts or parcels of less than five acres, with more than one residence thereon, be added to the city limits without the consent in writing of the owners of a majority of the whole number of acres owned by residents of the territory to be added, except that when three sides of such additional territory is adjacent to, or abutting on, property already within the city limits, such territory may be added to the city limits without the consent hereinbefore mentioned; Provided, further, that where the territory sought to be added is separated from the city limits by an intervening strip less than four rods in width upon the land so detached by such strip, shall be considered as adjacent or abutting within the meaning of this section; and provided, further, that tracts of land in excess of forty acres shall not be subject to city taxes."

Applying the provisions of this section, appellant contends: That the plot of land in question fails to fall within the first proviso of the section, for the reason that the whole plot is more than five acres, and the particular tract in question, if considered separately, had but one house situated thereon. Appellant also contends that the tract does not fall within the exception dealing with the three sides, for the reason that three sides of the tract are not adjacent to, or abutting on, property already within the city limits, for that it is excluded by the last proviso to the effect "that the territory sought to be added is separated from the city limits by an intervening strip" *more* "than four rods in width." In other words, it is contended that, this being a triangular plot, it must have been "adjacent to, or abutting on, property already within the city limits," on all sides, and that Riverside drive, which is more than four rods in width, is "an intervening strip" within the meaning of the last proviso, and that such proviso is an inclusive definition of the term "adjacent," and precludes any territory being adjacent, if separated by a strip of any kind of territory more than four rods in width.

It may be well to describe the situation **a**

little more in detail, before proceeding. The city of Tulsa in the main lies on the easterly side of the Arkansas river. The river as it passes the city flows in a southeasterly direction. Generally speaking, the westerly line of the limits of the city proper, lies close to and adjacent to the bank of the Arkansas river. Strictly speaking there was originally a narrow strip of land along the river between the city limits and the river. After the original platting of the city, and probably after many additions had been included, West Tulsa, a district lying on the west side of the Arkansas river, where are situated oil refineries and industries of different kinds, was by annexation included within the city limits, and thereafter or theretofore, it matters not which, the strip of land lying along the river bank was acquired by the city by condemnation or purchase, and Riverside drive, an extensive boulevard, laid out thereon and paved. Between the paving of the boulevard and the sharply sloping bank of the river there is still a narrow strip varying in width and averaging approximately thirty feet, upon which there are trees and space for a bridle path, but all essentially a part of the boulevard. The tract of land in question, it will be seen, is a mere notch between the boulevard and the otherwise platted part of the city. It was the purpose of Ordinance No. 1813 in part to bring this notch of land, which includes the tract in controversy, and several other tracts with separate proprietors to the north of it, within the city limits, and also to extend the city limits to the bank of the river, thus including the entire width of the boulevard of Riverside drive.

Now, on the other hand, the appellees contend that Ordinance No. 1813 is entirely valid as to the land in question, for that the tract in question is adjacent to, or abuts on, the city limits upon all sides. The appellees further contend that, the ordinance being valid on its face, appellant cannot raise the question of its invalidity; that that question can only be raised by the state or in a case in which the state is a party.

[1, 2] Recurring now to appellant's contention, we think he has adopted a wrong construction of the first proviso of section 4463 of the Oklahoma Statutes. The body of the section preceding the first proviso gives a city council power to add territory adjacent to the city limits as it may deem proper. That power is limited by certain provisos, which in turn are limited by exceptions. The first proviso reads: "Provided, that in no case shall any additional territory, except when subdivided into tracts or parcels of less than five acres, with more than one residence thereon, be added to the city limits without the consent in writing of the owners of a majority of the whole number of acres owned by residents of the territory to be added, except," etc. Appellant's counsel attempt to take the tract in question out of the exception to this proviso by the fact that it has but one house thereon. We think the one house limitation does not apply to the parcel of less than five acres, but rather to the "additional territory" which may be subdivided into tracts of less than five acres. The five-acre limitation is a maximum. Experience and observation teaches that in such subdivisions the parcels are much smaller. In the instant case all parcels are less than two acres.

It is the universal municipal policy that, when tracts of land, adjacent to the corporate limits are subdivided into small parcels, which become the subject of individual proprietorship, and the subdivided tracts as a whole take on an urban character, such tracts should be brought within the corporate limits. We think the exception to this proviso accords with this policy. It does this by making the power to annex absolute where a tract is subdivided into parcels of less than five acres, and where individual proprietorship has progressed to the point where there are at least two residences on the subdivided tract. It certainly was not the legislative intent to require two houses on each individual proprietor's parcel. The entire tract in question of nearly eight acres the record and plat in evidence shows to be divided into eight parcels, whether all under individual proprietorship does not appear, and that there are several houses on the respective parcels. The McFarlin house, a very valuable residence, lies immediately north of the appellant's parcel, referred to frequently in the record as the Gammon property. Both the McFarlin property and the Gammon property have had residences thereon for many years. These houses have been given city numbers, they front Elwood avenue, and the properties extend back to Riverside drive. The properties both have had access to urban conveniences. Their proprietors have been registered voters within the city, and the tract in controversy is to all intents and for all practical purposes surrounded by the city. We think Ordinance No. 1813 not invalid for want of compliance with statutory requirements, assuming for the moment that appellant is in a position to raise the question in this case. It seems to us that to adopt the appellant's interpretation of the statute

would lead to absurdity. If the statute is interpreted to mean that more than one residence must be on each separate proprietor's parcel, then there is no power in the city under the law of the state to bring in such proprietor's property without his consent, unless adjacent to the city on three sides. In other words, counsel's position is that under the law the city could not take in the appellant's plot of ground without his consent, but that it could, by enacting an ordinance, first take in Riverside drive, and then immediately enact another ordinance and take the appellant's plot in; that is, the city could take the cherry by two bites, but not by one. We have examined all of the Oklahoma decisions brought to our attention on the briefs of either party, and find no decision in which the Supreme Court of Oklahoma has given the section appellant's interpretation in this respect.

Counsel for appellant stresses Barton v. Stuckey, 121 Okl. 226, 248 P. 592, as supporting their contention. It seems to us this case is clearly distinguishable. In Barton v. Stuckey, the tract of land in question was an agricultural tract of twenty acres that had never been subdivided into parcels of less than five acres, and therefore was clearly not within the exception to the first proviso of section 4463. Neither did it appear that three sides thereof were adjacent to or abutted on property already within the city limits. The Supreme Court of Oklahoma held the ordinance, as it applied to that tract of land, void on its face. But compare Moore v. City of Perry, 126 Okl. 153, 259 P. 133, where the territory sought to be annexed was an addition "platted into blocks and lots, showing streets and alleys," and presumably of several lots much less than five acres, and further presumably containing numerous inhabitants, as the city had issued $12,000 in bonds, mostly used in extending light service to this addition. It was held in this case that the ordinance appeared regular on its face, and the existence of all jurisdictional facts authorizing the city to pass the ordinance would be presumed in such proceeding. In view of our conclusions, we deem it unnecessary to discuss the questions as to whether appellant could raise the question of the invalidity of the ordinance in a suit of this character. There is much conflict of authority on the question.

[3] It is also contended by appellant, though not stressed vigorously, that the property in question could not be annexed to the city of Tulsa without a formal amendment of its charter. We think this contention entirely without merit and refuted by the decisions of the Supreme Court of Oklahoma upholding annexation by ordinance merely. City of Blackwell v. City of Newkirk, 31 Okl. 304, 121 P. 260, Ann. Cas. 1913E, 441; Moore v. City of Perry, 126 Okl. 153, 259 P. 133.

This brings us to the second major question: Is the zoning ordinance of the city of Tulsa unconstitutional and void as applied to appellant's property? In this connection, appellant invokes the Fourteenth Amendment to the Constitution of the United States, and contends that the zoning ordinance, as applied to appellant's property, deprives appellant of his property without due process of law, and denies him the equal protection of the laws. It is not contended that the city did not have power to pass a zoning ordinance, but merely that the zoning ordinance contravenes the provisions of the national Constitution as applied to appellant's property.

Appellant's counsel, in opening the discussion of this question on the brief, say:

"The uncontroverted evidence shows that appellant purchased property in question in the latter part of November, 1923, with a view to improving it for apartment house purposes; that he immediately proceeded, along with his cotenant Park, to enter into contracts and incur liabilities with a view to constructing seven or eight six-family apartments on this tract; that the zoning ordinance was not enacted until December 29, 1923, long after said contracts had been entered into and said liabilities incurred; that even then he did not believe, and with reason, that such zoning ordinance would apply to his property, inasmuch as he was advised that it was without the city limits; that he continued to enter into contracts and incur liabilities, and also commenced the grading of the property for apartment purposes, began construction of the apartments, and began to move the Gammon house to its present location; that, while the zoning ordinance was enacted December 29, 1923, the appellant, acting on the belief that his property was not within the city, continued his building operations; that prior to January 14, 1924, the date said ordinance went into effect, he had actually begun to excavate for one of the apartments and to pour concrete therefor."

[4-6] We think this summary of the facts in the case hardly adequate or complete. It is true appellant purchased the property in the latter part of November, 1923, but the zoning ordinance had been introduced and was pending at that time, and the record shows that its pendency came to the attention of the appellant as early as the 1st of December, and before any attempt at improvement of the

property in question had been initiated. It may be true that appellant in good faith believed that his property was not within the city limits. But, if he was mistaken in his conclusion respecting the validity of the annexation ordinance, he can hardly urge that as a reason for the invalidity of the zoning ordinance. It is true that the zoning ordinance was not filed in the office of the register of deeds, but that omission did not affect the validity of the ordinance after its adoption, for the Supreme Court of Oklahoma has held that such recordation of ordinances is directory. Biggerstaff v. Altus, 114 Okl. 98, 243 P. 751. The record clearly indicates that, with notice of the annexation ordinance and of the pendency of the zoning ordinance, appellant and his associate, following their purchase, proceeded to expedite the initiation of improvements. No actual work upon the property, however, was begun until the early part of January, only a few days before the zoning ordinance went into effect on January 14, 1924. The excavation began just about that time. And appellant proceeded in the face of the zoning ordinance until stopped by city authority, at which time he had poured a small amount of concrete for the foundation of the first building. The improvements contemplated were a number of small apartment houses. We think that so far as the circumstances are urged to be in the nature of an estoppel, they are insufficient. The unfortunate fact, which seems to have led appellant and his associate into their dilemma, seems to have been an erroneous conclusion as to the validity of the annexation of the property. And assuming that the property was not within the city limits lawfully, they proceeded to purchase and initiate improvements, and to push forward the improvements in the face of known pendency of the zoning ordinance. We think in these circumstances appellant is not in a position to urge the effect of the ordinance to be a taking of property without due process of law. It can be no longer contended that the proper passing of zoning ordinances is not an act fairly within the scope of the police power. Village of Euclid v. Ambler Realty Co., 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303.

But counsel stresses certain language of Mr. Justice Sutherland in the opinion in this case to the effect that, while the ordinance in the main may be valid, when its provisions as applied to particular premises, or to particular conditions, or to be considered in connection with particular complaints, some of their details or even many of them may be found to be clearly arbitrary and unreasonable. We think, however, that appellant has

not brought himself within this principle, at least that the testimony as shown by a rather meager record does not so establish.

This brings us to a consideration of the second angle of appellant's case: Does the ordinance as applied to appellant's property deprive him of the equal protection of the law as contemplated by the Fourteenth Amendment? In this respect, appellant's situation is similar to that presented by the record in Hadacheck v. Sebastian, 239 U. S. 394, 36 S. Ct. 143, 60 L. Ed. 348. At page 412 of the opinion (36 S. Ct. 146) Mr. Justice McKenna has these observations:

"Petitioner invokes the equal protection clause of the Constitution and charges that it is violated in that the ordinance (1) 'prohibits him from manufacturing brick upon his property while his competitors are permitted, without regulation of any kind, to manufacture brick upon property situated in all respects similarly to that of plaintiff in error'; and (2) that it 'prohibits the conduct of his business while it permits the maintenance within the same district of any other kind of business, no matter how objectionable the same may be, either in its nature or in the manner in which it is conducted.'

"If we should grant that the first specification shows a violation of classification, that is, a distinction between businesses which was not within the legislative power, petitioner's contention encounters the objection that it depends upon an inquiry of fact which the record does not enable us to determine. It is alleged in the return to the petition that brickmaking is prohibited in one other district and an ordinance is referred to regulating business in other districts. To this plaintiff in error replied that the ordinance attempts to prohibit the operation of certain businesses having mechanical power and does not prohibit the maintenance of any business or the operation of any machine that is operated by animal power. In other words, petitioner makes his contention depend upon disputable considerations of classification and upon a comparison of conditions of which there is no means of judicial determination and upon which nevertheless we are expected to reverse legislative action exercised upon matters of which the city has control."

[7-9] The question of equality of treatment raised by appellant is one peculiarly within the discretion of the municipal Legislature. Only when it is clearly abused should the courts interfere upon these questions which rest upon the peculiar facts presented. Equality of protection of the law in such cases requires consideration of the relative conditions as applied to the particular property

and other properties and locations within the scope of the ordinance. Tulsa is a city of considerable proportions, having a population of upwards of 100,000 people, widely scattered in some sections, and diversified as to topography and other conditions. There would naturally be a great variety of conditions and situations to consider in respect to the classifications and limitations of a zoning ordinance in such a city. We are here asked to overrule the discretion and act of the city legislative body upon a record exceedingly meager. The entire testimony in this case is printed upon thirty-five pages of the transcript. About an equal number of pages adduced in behalf of appellant and appellees, respectively. The great bulk of all the testimony is directed to the immediate situation and to phases of the subject which throw no light on this question which we are asked to determine. There is an utter absence of any evidence tending to give the court knowledge or information with respect to other and relative sections of the city, with the possible exception of a single situation located two or three blocks distant and farther down Riverside drive, where it is claimed a large apartment hotel is being permitted to be erected. We think the record entirely too meager to justify a judicial body sitting in judgment and annulling the action of a legislative body upon a fact question such as this record presents.

[10] Plaintiff urges a defect of parties as to the defendants' counterclaim. We do not find that this question was raised by motion or in reply. No action was taken by the trial court on the merits of the counterclaim, but the whole matter was reserved and continued. In the circumstances, we are not disposed to pass upon that question on this appeal.

In view of the conclusions announced in the foregoing opinion, it follows that the decree of the District Court should be and is affirmed.