CITY OF MAUD et al. v. TULSA RIG, REEL & MFG. CO. et al.

No. 21618.   Oct. 3, 1933.

J. A. Rinehart, for plaintiffs in error.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for defendant in error.

Allen, Underwood & Canterbury, G. A. Paul, and E. F. McClure, for plaintiffs in error.

W. E. Disney, John Wheeler, Glenn Alcorn, and Chas. S. Piepgrass, for defendants in error.

ANDREWS, J. The record in this case shows that the trial court rendered judgment in an equity action against the plaintiffs in error, the defendants in the trial court, on Saturday, December 14, 1929; that on Monday, December 16, 1929, one of their attorneys deposited a motion for new trial in the United States mail at Oklahoma City, properly addressed to the court clerk with the necessary postage thereon, for transmission to the court clerk by registered mail; that that motion was received at the post office of the addressee at some time on December 17, 1929, and that it was delivered by those postal authorities to the court clerk on December 18, 1929. The record shows that on May 2, 1930, the defendants filed a motion for an order correcting the appearance docket nunc pro tunc so as to show that the motion for new trial was filed on December 17, 1929, or, in the alternative, that the court find that the filing thereof within three days after the rendition of the judgment was unavoidably prevented. The record shows that after a hearing thereon the trial court found that the motion for new trial was filed on December 18, 1929, and that the filing thereof within three days after the rendition of the judgment was unavoidably prevented. The plaintiffs did not challenge that finding by perfecting an appeal herein. After making that finding, the trial court overruled the motion for new trial. The defendants appealed to this court.

Herein the plaintiffs contend that the appeal should be dismissed for the reason that the motion for new trial was not filed within three days after the rendition of the judgment. In support thereof the decision of this court in Roberts v. Sims, 111 Okla. 1, 237 P. 852, and other authorities are cited.

While the motion for new trial was not filed within three days after the rendition of the judgment, there was no appeal from the finding of the trial court that the filing thereof within three days was unavoidably prevented. The trial court was authorized by the statute to make that finding. Section 400, O. S. 1931; Riley v. Robertson, 29 Okla. 181, 115 P. 877. The finding and the judgment thereon is final and conclusive in the absence of an appeal therefrom.

In view of the importance of the legal question presented, we desire to restate our views thereon and will do so as a part of the syllabus in this case.

The judgment in this case was in favor of the plaintiffs. The defendants were enjoined thereby from collecting or attempting to collect a special assessment that had been attempted to be levied against the property of the plaintiffs for paving purposes.

The principal question presented herein is whether or not the property of the plaintiffs is within the limits of the town of Maud. Incidental thereto is the question of the validity, of a certain ordinance which purported to annex the property of the plaintiffs to the corporate limits of the town of Maud.

The defendants contend that the judgment of the trial court is contrary to the rule stated in City of Topeka v. Dwyer (Kan.) 78 P. 417; Biggerstaff v. City of Altus, 114 Okla. 98, 243 P. 751; Rogers v. Rogers, Trustee, 102 Okla. 296, 229 P. 292; Moore v. City of Perry, 126 Okla. 153, 259 P. 133, and City of Blackwell v. City of Newkirk, 31 Okla. 304, 121 P. 260.

Neither the record nor the briefs show the section of the statutes under which the town of Maud attempted to annex the property. Neither section 6128, O. S. 1931, nor section 6129, O. S. 1931, is applicable, for it is not contended that there is any railroad right of way separating the property of the plaintiffs from the town of Maud. Section 6130, O. S. 1931, is not applicable to towns, and the city of Maud was a town at the time the ordinance was adopted. Reliance cannot be had upon the provisions of section 6131, O. S. 1931, for those provisions require a petition signed by not less than three-fourths of the legal voters and by the owners of not less than three-fourths (in value) of the property in any territory sought to be annexed. The ordinance recites that the petition was signed by two-thirds of the owners of the unplatted area sought to be included within the corporate limits. Reliance cannot be had upon

the provisions of section 6669, O. S. 1931, for those provisions relate to out-lots, as defined by section 6137 and section 6138, O. S. 1931. The ordinance described the property as "unplatted area."

The record shows that there was no substantial compliance with the provisions of any statute authorizing the annexation of property to a town or for the extension of the limits of a town to include property. Since the ordinance shows on its face that there was no compliance with any valid statute, it is immaterial whether or not there was a petition.

The correct rule is stated in Barton v. Stuckey, Co. Treas., 121 Okla. 226, 248 P. 592, and injunctive relief was proper. Payne, Co. Treas., v. Smith, Judge, 107 Okla. 165, 231 P. 469.

The defendants contend that the plaintiffs' action could not be maintained "for the reason that they failed to file a protest, as required by the provisions of section 30, chap. 173, Session Laws of 1923." That rule is not applicable where the assessment proceedings are void. Morrow v. Barber Asphalt Paving Co., 27 Okla. 247, 111 P. 198; Flanagan v. City of Tulsa, 55 Okla. 638, 155 P. 542; Grier v. Kramer, 62 Okla. 151, 162 P. 490, and City of Muskogee v. Nicholson, 69 Okla. 273, 171 P. 1102.

The defendants contend that the plaintiffs are estopped by reason of their delay in objecting and in permitting the pavement to be laid without objection. The trial court heard the evidence and granted the injunction. We have carefully examined the evidence, and we cannot find that the judgment is against the clear weight of the evidence. See Pool v. Town of Townsend (Mont.) 191 P. 385.

We find no error in the judgment of the trial court, and it is in all things affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.