## PEERLESS REALTY & OPERATING CO. v. CITY OF TULSA.

No. 28405.   Feb. 7, 1939.

Frank Hickman, for plaintiff in error.

H. O. Bland, E. M. Gallaher, and Milton W. Hardy, for defendant in error.

DANNER, J.   The plaintiff, a domestic corporation, brought its action to enjoin the defendant and its officers and employees from interfering with or molesting the plaintiff in the operation of its swimming pool and public dancing pavilion located on its property in Tulsa county and from enforcing an ordinance providing for the payment of $100 per year license fee for the operation of public dance halls within the city. The plaintiff appeals from the judgment rendered in favor of the defendant.

Under the record two questions are presented in the appeal: First, the legality of the proceedings consolidating the town of Red Fork with the city of Tulsa. Second, albeit the consolidating was legal, were the ordinances enacted by the city of Tulsa effective to annex plaintiff's property to the corporate limits of the city?

The defendant challenges the right of the plaintiff to question the validity of the ordinance. The general rule is that the state alone may question the validity of ordinances extending the corporate limits of a city; the exception being where such ordinances are void on their face for failure to recite jurisdictional facts. Chicago, R. I. & P. Ry. Co. v. Galyon, County Treas., et al., 179 Okla. 570, 66 P.2d 1066, and cases cited therein.

On September 30, 1927, prior to the consolidation, the city of Tulsa approved ordinance 3233, adding to the city a strip of land 200 feet in width and several rods in length pursuant to

"a petition in writing * * * signed by a majority of the property owners of the tract of land herein described, and lying contiguous to and adjoining the present limits of said city. * * *"

This land is referred to in the record as the "Howard tract."

Also, on October 1, 1927, and prior to the consolidation, the city of Tulsa enacted ordinance 3234 annexing to the city a tract of land divided into parcels of less than five acres. This land was known as Fuller-Walter addition to West Tulsa. This tract was annexed pursuant to a petition filed by the owners of the property affected. Ordinance 3234 is not incorporated in the record, therefore its provisions may not here be considered. Anderst v. A., T. & S. F.

R. Co., 19 Okla. 206, 91 P. 894; Honeyman v. Gallager, 144 Okla. 148, 289 P. 748. In the circumstances its validity will be presumed. Seminole Townsite Co. v. Town of Seminole, 35 Okla. 554, 130 P. 1098; Whitson v. City of Ada et al., 171 Okla. 491, 44 P.2d 829.

It is obvious that the lands described in ordinances 3233 and 3234 were annexed to the city of Tulsa in order to conform to the provisions of section 5991, O. S. 1931, 11 Okla. St. Ann. sec. 2 (C. O. S. 1921. sec. 4354), authorizing the consolidation of cities or towns "lying adjacent to each other." On this point William R. Wooten, assistant city engineer, a witness for the plaintiff, testified:

"Q. Mr. Wooten, when, if at all, did that strip of land separating the two municipalities come within the city of Tulsa? A. The two became contiguous when the Howard strip was annexed, which was in September, 1927. The Fuller-Walter addition was annexed immediately following the annexation of the Howard strip."

Plaintiff contends that ordinance 3233 is void inasmuch as it shows on its face that it was not enacted pursuant to "a petition in writing, signed by not less than three-fourths of the legal voters and by the owners of not less than three-fourths (in value) of the property" sought to be annexed, as provided in section 6131, O. S. 1931, 11 Okla. St. Ann. sec. 482 (C. O. S. 1921, section 4464).

Ordinance No. 3233 did not conform to the statutory requirement relative to the number of legal voters and property owners required in a petition for annexation of territory to a city or town. However, the validity of the ordinance went unchallenged for ten years. In that period it is reasonable to assume that in a growing city like Tulsa many changes and improvements have been made since the purported annexation which has changed the property relationship of many citizens from the condition which existed at the time of the annexation. In Gorby v. Gayman, County Treas., et al., 59 Okla. 73, 157 P. 939, this court said:

"'Where a city of the first class has by ordinance annexed certain territory in substantial compliance with section 458, Wilson's Rev. & Ann. St. 1903, and in pursuance thereof has exercised municipal control over same for six years levying and collecting taxes thereon, and treating it in all respects as an integral part of such municipal organization, the validity of such ordinance cannot be attacked in a collateral proceeding by a private party who seeks to enjoin the collection of taxes levied upon property in such territory upon the ground that it is not a part of the city."

See, also, City of Blackwell v. City of Newkirk, 31 Okla. 304, 121 P. 260; Biggerstaff v. City of Altus, 114 Okla. 98, 243 P. 751; Moore v. City of Perry, 126 Okla. 153, 259 P. 133; Pfeifer v. Klug, 114 Kan. 384, 219 P. 498; Cromwell-Franklin Oil Co. v. Oklahoma City, 14 Fed. Supp. 370; McQuillin on Municipal Corporations, vol. 1, sec. 182, p. 491.

The consolidating ordinance, No. 3274, was approved November 22, 1927. From an examination of the ordinance we conclude that it recites sufficient jurisdictional facts to render it immune from collateral attack. It meets the requirements of sections 4354, C. O. S. 1921, 11 Okla. St. Ann. sec. 2 (O. S. 1931, section 5991), and 4355, C. O. S. 1921, 11 Okla. St. Ann. section 3 (O. S. 1931, section 5992).

Ordinance No. 3274 attempted to take into the city of Tulsa plaintiff's property. Such property had not been annexed to the town of Red Fork prior to its consolidation with Tulsa. If the property became attached to the city of Tulsa, it was by virtue of ordinance No. 3506 approved April 16, 1929, purporting to annex to the city additional territory, including the property involved, and ordinance 3840 approved February 10, 1931; same being a compilation, revision and general Code of Ordinances of the city known as "The Revised Ordinances of the City of Tulsa, 1931."

Ordinance No. 3506 is an ordinance annexing and adding to the city of Tulsa certain territory including the property involved . herein. Referring to the property annexed, the ordinance, among other things, recites:

"and the following additions or portions of additions to the city of Tulsa, Oklahoma, according to the respective duly recorded plats thereof, each of which is adjacent to the present corporate limits of said city, and each of which has more than one residence thereon. * * *"

On its face this ordinance meets the requirements of section 6130, O. S. 1931, 11 Okla. St. Ann. 481 (sec. 4463, C. O. S. 1921). The effect of the first proviso of that statute is to authorize the annexation of territory adjacent to a city without the consent in writing of the owners of the property affected, where the additional territory is subdivided into tracts or parcels of less than five acres with more than one residence thereon; or, irrespective of said subdivision, when three sides of such addi-

tional territory is adjacent to or abutting on property already within the city limits. Inland Development Co. v. Oklahoma City, Okla., et al., 9 F. Supp. 96. Inasmuch as the record is silent on the area involved in plaintiff's property, it is presumed that it conforms to the provisions of the statute and the recitation in the ordinance; that is, that it was subdivided into tracts or parcels of less than five acres with more than one residence thereon. DeLano v. City of Tulsa, 26 F.2d 640, 644.

Additionally, a portion of plaintiff's property is described as "Reserves A. B. and C." While on the city plat these "reserves" are not shown as lots or blocks, they certainly constitute "tracts" within the contemplation of the statute; and, with block 7, are under one ownership, the plaintiff.

On the point under consideration, the plaintiff relies, principally, upon the decisions of this court in Barton v. Stuckey, 121 Okla. 226, 248 P. 592, and City of Maud v. Tulsa Rig, Reel & Mfg. Co., 165 Okla. 181, 25 P.2d 792. These cases are not controlling under the record here presented. In the former case the applicable distinction is pointed out in the body of the opinion in DeLano v. City of Tulsa et al., supra, wherein the court said:

"In Barton v. Stuckey, the tract of land in question was an agricultural tract of 20 acres that had never been subdivided into parcels of less than five acres, and therefore was clearly not within the exception to the first proviso of section 4463."

See, also, Chicago, R. I. & P. R. Co. v. Galyon, County Treas., supra. In the City of Maud Case, this court held:

"Section 6130, O. S. 1931, is not applicable to towns, and the city of Maud was a town at the time the ordinance was adopted."

The substance of the opinion in that case is: That the ordinance showed on its face that there was no compliance with any valid statute.

Most of the cases cited by the plaintiff in its brief involve the collection of taxes on property annexed to cities. In the case at bar it is admitted that the plaintiff, without objection, paid to the city taxes on the property owned by it. Presumably, the taxes were paid pursuant to assessments rendered by the owner of the property. While under the record before us, this in itself is insufficient to constitute an estoppel, yet, when considered along with the fact that there had been a lapse of years since the ordinances were enacted, it would

appear, at least, that the plaintiff has acquiesced in the enactment of laws of the city which substantially affected its property.

On the face of the record here presented, we are unable to say that the trial court erred in its judgment. Accordingly the judgment is affirmed.

BAYLESS, C. J., and RILEY, GIBSON, and DAVISON, JJ., concur.